*Hudson* v. *Henry.*

MR. HENRY moved for judgment of nonsuit against the plaintiff for not proceeding to trial. Notice of the motion had been sent to the adverse attorney by the mail.

*Per Curiam.* This notice is insufficient. A letter may miscarry ; or the attorney may be absent when the mail arrives, or not immediately inquire for letters, though an affidavit of a plea sent by the mail might save a default. Let the defendant take nothing by his motion.*

* See *Cole &*
*another* ads.
*Stafford*, *an-*
*te*, p. 110.
*Beebe* ads.
*Paddock*, *an-*
*te*, p. 135.

*Manhattan Company* v. *Smith, in custody.*

THIS case was brought up from the mayor's court. The application was to prevent the discharge of the defendant on account of the plaintiffs' not proceeding to execution in due time, according to the act for the relief of debtors with respect to the imprisonment of their persons; the counsel for the plaintiff relied on *Brantingham's* case, *ante*, p. 48. The court, without hearing any argument for the defendant, said the authority cited was conclusive.

LIVINGSTON, J. acquiesced because it had been so decided, but confessed he did not believe the legislature intended the construction put upon the act by the court, should ever be given to it. The rigour of the practice was, in his opinion, enough to condemn it, for he thought the neglect in the plaintiff ought to accrue to the advantage of the prisoner.