Wilde, J.
Upon the facts reported in this case, it has been argued by the counsel for the defendants that the plaintiffs have no right to recover ; because the persons named in the writ, having been committed to gaol by virtue of a warrant, and taken into custody by the gaoler, must be considered either as criminals lawfully committed, or as being in the custody of the gaoler, as master of the house of correction, or as being imprisoned without authority of law. That, in the first case, application ought to have been made by the gaoler to the proper authority, to have the expenses paid out of the county treasury, at the charge of the Commonwealth. That, in the second, case, it was the duty of the master of the house of correction comfortably to provide for them, he to be reimbursed as the statute in-such case directs,(1) and not by the town in which the house may be situate. But that, if the commitment was unlawful, and. the imprisonment without authority to justify it, the overseers of the poor of the town of Taunton ought not to have aided the gaoler in such unlawful act, in violation of his official duties, by relieving him from the expenses to which he might thereby be exposed.
As to the first point, it seems clear that the persons named in the writ were not lawfully committed to gaol as criminals, they not having been convicted or accused of any crime or misdemeanour punishable by law ; and the warrant stating that they were committed to the gaol as a house of correction, no other having been provided by the county.
* As to the second point, although by law the gaol may [*357] be made use of as a house of correction where no other is provided, yet certain previous measures are required to be adopted by the Court of Sessions, before it can be considered to be legally established as such. In the present case, it appears that the gaol had never been" recognized by the Sessions as a house of correction ; no rules and regulations had been made by them ; and no overseers ot master had been appointed. The gaol, therefore, cannot be considered as a house of correction, within the meaning of the statutes cn that subject; nor the gaoler or master thereof be liable to the duties of that office, nor authorized in that capacity to recover any expenses he might incur from a mistaken notion of his authority and obligations.
As to the third point, if the imprisonment of the persons claiming relief from the town of Taunton was unlawful, it remains to be considered, whether this was, in law, sufficient to justify a refusal of the overseers of the poor to provide for the relief and supp urt of the persons thus unlawfully restrained ; and we are all of opinion that it is not.
*312 The law makes it the duty of the overseers, in their respective towns arid districts, to provide for the immediate comfort and relief of all persons residing or found therein, not belonging thereto, when they fall into distress, and stand in need of immediate relief. And it might, in many cases, defeat this humane provision of the law, if relief could be denied until inquiry should be made into the circumstances under which persons in distress may have been reduced to such a situation. Whether they were brought to want by their own fault, or the fault of others, or by misfortune, are considerations which cannot vary the duties of the overseers. Suppose a person, having no color of authority, should arrest a stranger passing through a town, and should imprison him until he should become sick and unable to support himself, his case requiring medical aid, nurses, &c., the expenses of which the wrongdoer should refuse or be unable to [*358] advance ; could the overseers be justified in suffering * the injured person to perish from want ? Most certainly not. In the case before us, the magistrate and the gaoler doubtless acted from a mistaken notion of the law. But, however that may be, we think the overseers did right in providing for the relief of the persons imprisoned, and, of consequence, that the plaintiffs have a good right 'o recover in this action.

Judgment on the verdict.

 Stat. 1787, c. 54.