## NEW-YORK COMMON PLEAS.

### LINA LIPPMAN agt. SAMUEL PETERSBERGER.

The *time* within which a defendant must be charged in execution, before he can move for a *supersedeas* and a discharge from custody under the statute (3 *R. S.*, *5th ed.*, 870), is to be computed from the time judgment is actually entered, not from the time the *offer* of judgment is made and accepted under the Code. (*Section* 385.)

That is, the defendant is not to be charged in execution within three months after the term following that when the offer of judgment was *accepted*, but when it was actually entered up.

If the plaintiff neglect to enter the judgment within that time the defendant must apply for an order compelling him to do so.

*Special Term, July,* 1859.

MOTION by defendant for a supersedeas and discharge from custody.

B. F. SAWYER, *for the motion.*
A. J. DITTENHOEFER, *opposed.*

DALY, F. J. This motion is prematurely made. The defendant was arrested, and is still in custody, upon *mesne process.* After his arrest he made an offer under the 385th section of the Code, to allow the plaintiff to take judgment for a certain amount, which offer the plaintiff, on the 19th day of February last, accepted, but neglected to enter up the judgment until more than three months had elapsed—that is, he entered it up on the 30th of May, and on the day after issued

execution against the property of the defendant, which has not yet been returned. The defendant now moves, under the 36th *section of title* 17, *chap.* 8, *part* 3 *of the Revised Statutes,* for a supersedeas, and that he be discharged from custody, upon the ground that more than three months after the last day of the term next following that at which judgment was obtained has elapsed, and that the plaintiff has not charged him in execution.

Three months have not elapsed since the actual entry of the judgment, but the defendant claims that judgment was obtained within the meaning of the statute when the plaintiff accepted the defendant's written offer, and that the defendant is not to suffer by the plaintiff's neglect to enter it up, but that he should have charged him in execution within three months after the term following that when the offer was accepted.

At the hearing of the motion, I was strongly impressed with the suggestion that the defendant should not suffer by the plaintiff's neglect; but to support the defendant's view it would be necessary to hold, in respect to the commencement of the time within which the defendant must be charged in execution, that it does not date from the entry or docketing of the judgment, but that the words, " at the time judgment shall be rendered or obtained," mean the time when the plaintiff is at liberty to enter up judgment. Proceedings of this kind are now unusual, and it will be necessary to look at the practice which prevailed before the Revised Statutes, for this provision is in this respect the same as that which was incorporated in the former act, for the relief of debtors, with respect to the imprisonment of their persons (1 *Rev. Laws of* 1813, 853, § 12), the practice under which appears to have been well settled. In 2 *Dunlap's Practice,* 827, it is said that the moving party must produce a certified copy of the docket of the judgment; and again, that if the " plaintiff, who is entitled to the judgment, should neglect or refuse to perfect it, the defendant must take measures to have judgment perfected against himself, and if not charged in execution within three months of the time of entering the judgment, he becomes suspendable."

And in *Kettletas* agt. *North* (*Coleman's Cases*, 54), it was held, upon an application to compel the prevailing party to enter up judgment, that he should procure the roll to be signed and filed in four days, or that the other party should be at liberty to do it. The words, both in the Revised Statutes and in the act of 1813, are, that the defendant shall be charged in execution within the given time, after the judgment is obtained, and the practice under one is, therefore, equally applicable under the other. In a case like the present, the plaintiff, by section 385 of the Code, files the summons, complaint and offer, with an affidavit of notice of acceptance, and the clerk, therefore, enters judgment accordingly. It is from the judgment so entered, that the time within which the defendant must be charged in execution is to be computed. If the plaintiff neglect to enter it, the defendant, as in *Kettletas* agt. *North*, must apply for an order compelling him to do so. The judgment was entered by the clerk on the 30th of May, and the time not having yet expired within which the plaintiff must charge the defendant in execution, the motion for a supersedeas must be denied.