## N. Y. SUPERIOR COURT

JABEZ A. BOSTWICK agt. JOSEPH W. WILDEY, and another.

Where a defendant is arrested and in the custody of the sheriff, at the time of entry of judgment against him, and within about a month afterwards gives an undertaking with bail and is thereby discharged from arrest, but is not actually charged in execution against his person, upon the judgment, until some *seven months* after the entry of judgment—no *supersedeas* having been obtained from the court discharging the defendant—his bail are liable in an action on the undertaking.

*Exceptions sent to the General Term.*

*Heard October,* 1871.

*Before* MONELL *and* SPENCER, *JJ.*

THE action was upon an undertaking given upon the arrest of the defendant Wildey.

The defendant was arrested on the 2d of July, and undertaking was given on the 10th of August, 1869. Judgment in the action was entered on the 10th of July, 1869, when an execution against the property was issued and returned unsatisfied.

An execution against the person of the defendant was not issued until March 1st, 1870.

The court dismissed the complaint, and the plaintiff excepted.

The exception was ordered to be heard at the general term, in the first instance.

D. M. PORTER, *for plaintiff.*

On July 2d, 1869, the defendant Wildey was arrested, on August 10th, 1869, the undertaking sued upon was delivered

and the defendant released, and the sheriff was released from liability to the plaintiff.

On July 10th, 1869 (after the arrest), judgment was entered against Wildey, on the same day execution against property was issued, and thereafter returned "no property found." On March 1st, 1870, execution against Wildey's person was issued, and thereafter returned " defendant not found." On July 5th, 1870, this action was commenced, and on April 28th, 1871, the cause came on to be tried before Mr. Justice FREEDMAN and a jury, and the justice dismissed the complaint, because execution against the person was not issued within three months after the last day of term, next after the entry of judgment; and ordered the exceptions to be heard in the first instance at the general term.

It was unnecessary to aver or prove execution against property had been issued (*Renick* agt. *Orser*, 4 *Bosw.*, 384 ; *Ontario Bank* agt. *Hallet*, 8 *Cow.*, 192 ; *Hinman* agt. *Beers*, 13 *J. R.*, 529). Even if it was necessary, it would not make the execution against the person void (*Renick* agt. *Orser*, *supra* ; *Hinman* agt. *Beers*, *supra*). It would be an irregularity, and Wildey, by failing to render himself amenable to such process as was issued to enforce said judgment caused a breach of the undertaking ; but to obviate all question the court allowed the execution against property to be put in evidence, and conformed the pleadings to the proof.

An undertaking may be given at any time before process against the person of the defendant (*last clause of section* 201, *of Code*) ; consequently the execution mentioned in section 186 of the Code, is an execution against the person.

Plaintiff had ten days to give notice, and Wildey had ten days after to give a new undertaking, irrespective of the original undertaking, or whether execution was issued or not (*Code, section* 192 *and* 193). This was the second undertaking. Wildey got his liberty and the sheriff was discharged.

·The plaintiff accepted the undertaking, and the sureties are estopped from contesting the validity of the proceedings under which it was given. The defendant Wildey could only try this question in the original action to set aside the process or undertaking (*Haggart* agt. *Morgan*, 1 *Selden*, 422; *Franklin* agt. *Pendleton*, 3 *Sandf.*, *S. C.*, 572).

Wildey took a legal course to secure his liberty, by giving this undertaking, as the plaintiff could not compel him to give bail for the limits, while an execution against property was outstanding.

Wildey having received a consideration in his liberty, the defendants cannot object (*Coleman* agt. *Bean*, 32 *How.*, 370; *Halsey* agt. *Flint*, 15 *Abb.*, 367). Execution against Wildey's person was issued and returned before the amendment to section 228 of the Code, was passed, so as to allow him to move for any neglect of the plaintiff in charging his person in execution; and plaintiff, by the amendment, was and is only required to charge the defendant in execution against his person, where he is in actual custody; and even then the order of arrest is in force until set aside (*Session Laws of* 1870, *vol.* 2, *p.* 1834, *chap.* 742, *sec.* 11).

R. N. WAITE, *for defendant.*

This was an action brought by plaintiff against the defendants, upon an undertaking given by defendant Wildey upon his arrest upon an order of arrest issued against him out of the supreme court. The defendants Meeks & Gœtzel were the sureties in that undertaking. Judgment was not entered against Wildey until the 10th day of July, 1869, by the plaintiff, though the action was commenced on the 15th day of December, 1868, and was undefended. The order of arrest did not accompany the summons, but was obtained on the 28th day of June, 1869, and the defendant Wildey was arrested on the 2d day of July, 1869. The affidavit upon which the order of arrest was obtained is not in the

printed case. As it is a part, and an important part, of the record introduced in evidence by plaintiff, it is submitted that its suppression now is a wrong to the defendant, and that the case should not be considered by the court without it. At the close of plaintiff's case, the judge dismissed the complaint upon the two points raised by counsel, that the execution against the person should have been issued within three months after the last day of the term next after the entry of judgment, and that the judgment was entered and execution issued before the undertaking was executed.

*First.* When a defendant against whom an order of arrest has been obtained is, at the time judgment is rendered, in custody of the sheriff, the plaintiff must charge him in execution within three months from the last day of the term next following that at which judgment is obtained, and in all cases, it would seem, within three months from the return, unsatisfied, of an execution against the property of the defendant (3d *Rev. Stat.*, 5th *ed. p.* 870, §. 38 ; *Lippman* agt. *Petersberger*, 18 *How.*, 270). In this case, the defendant Wildey was arrested on the 2d day of July, 1869. Judgment was entered against him on the 10th of the same month, and on the same day execution was issued against his property, and returned unsatisfied on the 14th of September, 1869. The undertaking was given, and Wildey discharged on the 10th day of August, 1869. He was actually in the custody of the sheriff, from July 2d, 1869, to August 10th of the same year, and the execution against his person was not issued till March 1st, 1870, nearly eight months after his arrest. It is an elementary principle, that every remedy against the principal should first be exhausted before resort can be had to the surety. Had the plaintiff charged Wildey in execution within the time limited by law—viz., within three months after the return of the execution against his property unsatisfied—it might, perhaps be considered, that he had first exhausted his remedy against the principal, but not otherwise.

*Second.* An order of arrest is a provisional remedy, and the Code provides, that no person shall be arrested in a civil action, or discharged from arrest, except as prescribed by that act (*Sections* 178, 183 *and* 186). Section 186 provides, that the defendant, at any time before execution, shall be discharged from the arrest, either upon giving bail or depositing the amount of bail. Here execution had issued one month before the undertaking to discharge from arrest was given, and the undertaking was irregular and void (*Kendenbérgh* agt. *Morgan*, 18 *How.*, 469). '

*Third.* Judgment should be entered in favor of Gœtzel.

*By the court,* MONELL, J.—At the time of entering judgment in the action, against Wildey, he was in the actual custody of the sheriff, under the order of arrest; and as the execution against his person, was not issued, until more than seven months after the entry of judgment, and after the intervening of several terms of the court, it is claimed, that an action does not lie against the bail.

The provision of the statute (2 *R. S.*, 556, § 36), is, that where a defendant at the time judgment shall be entered against him, shall be in the custody of the sheriff upon process in the suit, the plaintiff shall charge such defendant in execution, within three months after the last day of the next following term. And if he neglect so to do (§ 37), such defendant may be discharged from custody by a *supersedeas* and after being so discharged, he shall not be liable to be arrested upon any execution upon the judgment.

In this case, no *supersedeas* was obtained from the court discharging the defendant, but a month after judgment was entered he gave bail and was discharged.

The engagement of the defendants who signed the undertaking in suit, was, that the defendant should, at all times, render himself amenable to the process of the court, &c. And a provision of the Code exonerates bail, by the legal

discharge of the principal from the obligation to render himself amenable to process (*Code* § 191).

The question then arises, could the defendant be arrested on execution upon the judgment? If he could not be, then the bail are discharged.

. The section of the Revised Statutes, to which I have referred, seems to require in all cases a *supersedeas* to be allowed by a judge of the court, as the means of procuring a discharge, and it would seem to be only after such a discharge, that the defendant is exempted from arrest upon execution. The defendant in the judgment was discharged from the arrest by giving bail; and when the three months, after the end of the next term, following the entry of judgment, had expired, he was no longer in the custody of the sheriff, and the provision of the statute could, probably, have no application, and a *sepersedeas* would not be granted. The office of that writ is to stay proceedings at law, so that no further action can be taken upon the judgment; or, as declared by the statute, rendering the defendant no longer liable to arrest upon it.

The purpose of the statute is, to enable an imprisoned debtor to avail himself of the provisions of the statute concerning voluntary assignments by a debtor imprisoned on execution in civil cases (2 *R. S.*, 31), whereby he may be discharged from imprisonment, by compelling the creditor, within a fixed term, to sue out an execution against the person of his debtor; or if he fail to do so, to have his right taken away by a *supersedeas*, at the instance of the debtor.

It is clear, however, that the defendant must be in the actual custody of the sheriff, under process in the action, at the time judgment is rendered. And, I think, it is also clear, that he must be, and remain in such actual custody, until the expiration of the time limited for charging him in execution.

Indeed, if he be not in custody at that time, I do not see how the court could relieve him under the statute, which

in that event would be satisfied by his mere custody at the moment judgment was entered, although released on bail immediately afterwards. Such, I understand, to be the construction of the statute in *Wells* agt. *Jones*, (2 *Abb.*, 20), where the court : say, the defendant being at large on bail, "the only thing he could do was to be surrendered by his bail, into actual custody, and then apply for a *supersedeas* after the proper time had elapsed."

It seems to me, therefore, that the defendant could not have had a *supersedeas* after he was discharged on bail, unless he had been first surrendered by his bail, and then had remained in custody the proper time.

But, however, that may be, there cannot, I think, be a doubt, that until discharged from custody by a *supersedeas*, the defendant remained liable to be arrested upon an execution upon the judgment. Such a discharge would have exonerated his person from arrest, and relieved his bail, and might have been set up as a defense to the action against them. But it will not do for the bail to merely show a state of facts which might have procured a *supersedeas*. Nothing short of a *supersedeas* actually obtained, will exonerate the defendant or his bail. The defendant not having obtained such *supersedeas*, his bail was bound to render him amenable to the process of the court. The execution against his person was properly issued, and upon its being returned not found, the bail are liable. The 288th section of the Code as amended in 1870, may be regarded as a substitute for the section in the Revised Statutes. But it does not make any essential change nor aid the defendants even if it could be applied to this case.

A careful examination of the statute has changed my first impressions, which were favorable to the defendants.

The execpetions must be sustained, the order dismissing the complaint set aside, and a new trial granted with costs to the plaintiff, to abide the event.

. SPENCER, J. concurred.