Jabez A. Bostwick, Respondent, *v.* Mathias Goetzel, impleaded, etc., Appellant.

In the provision of the Code (§ 186) allowing bail to be given to discharge a defendant from arrest at any time before execution, an execution against the person is intended. Bail may be given after execution is issued against property.

If, however, the taking of an undertaking in such case is irregular, it is an irregularity of which the defendant and his sureties cannot take advantage in an action on the undertaking.

*It seems*, that the provisions of the Revised Statutes (2 R. S., 556, §§ 36, 37) providing that when, at the time of the rendition of judgment, the defendant is under arrest, the plaintiff shall charge him in execution, within three months after the last day of the term next following that at which the judgment was rendered, and, in case of neglect, that defendant may be discharged on *supersedeas*, were intended only for the relief of a defendant in actual custody; and if in force, under the Code, do not apply where he has been discharged, upon giving bail; the defendant also, who has not been discharged from custody by a *supersedeas*, remains liable to arrest on execution, after the expiration of the time specified. These provisions are not in force under the Code, and prior to 1870 there

was no limitation of time during which an execution against the person of a defendant in custody might be issued.

*It seems,* that under the amendment to section 288, made in 1870, providing for the discharge, upon his motion, of a defendant in custody, if execution against his person be not issued within three months after entry of judgment, the execution can be superseded only by order of the court upon motion.

(Submitted May 8, 1874; decided September term, 1874.)

APPEAL from order of the General Term of the Superior Court of the city of New York, setting aside an order dismissing plaintiff's complaint and granting a new trial.

This action was brought upon an undertaking given by defendant Wildey, as principal, and defendants Meeks and Goetzel, as sureties, to discharge Wildey from an order of arrest issued in an action by this plaintiff against him.

Goetzel alone defended. July 2, 1869, Wildey was arrested in the action against him. August 10, 1869, the undertaking sued on was given, and Wildey was released from arrest. July 10, 1869, judgment was entered against Wildey, and, on the same day, execution was issued against his property, which was subsequently returned unsatisfied. March 1, 1870, execution against Wildey's person was issued, which was subsequently returned, "defendant not found." July 5, 1870, this action was commenced. The court dismissed the complaint on trial, because execution against the person was not issued within three months after the last day of term next after the entry of judgment. Exceptions were ordered to be heard in the first instance at the General Term.

*Robert N. Waite* for the appellant. Plaintiff, by failing to charge Wildey in execution within the time limited by law, has failed to exhaust every remedy against his principal, which he must do before resort can be had to the surety. (3 R. S. [5th ed.], 870, § 38; *Lippmann* v. *Petersberger,* 18 How. Pr., 270.) The undertaking was irregular and void. (*Kendenbergh* v. *Morgan,* 18 How. Pr., 469.)

*D. M. Porter* for the respondent. It was unnecessary to aver or prove that execution against property had been issued. (*Renick* v. *Orser*, 4 Bosw., 384; *Ont. Bk.* v. *Hallet*, 8 Cow., 192; *Hinman* v. *Beers*, 13 J. R., 529.) The sureties are estopped from contesting the validity of the undertaking. (*Haggart* v. *Morgan*, 1 Seld., 422; *Franklin* v. *Pendleton*, 3 Sandf., 572.) Wildey having received a consideration for the under-. taking, in his liberty, defendants cannot object. (*Coleman* v. *Bean*, 32 How., 370; *Halsey* v. *Flint*, 15 Abb., 367.) By the amendment to section 228 of Code, plaintiff was only obliged to charge the defendant in execution against his person where he is in actual custody. (2 S. L. 1870, 1834, chap. 742, § 11.)

Earl, C. The appellant claims that the undertaking was irregular and void because, under section 186 of the Code, Wildey could give bail for his discharge from arrest only before execution, while here execution against his property had been issued before the undertaking was given. I am of opinion that the execution mentioned in section 186 is one against the person. While the sheriff holds such an execution in his hands, it would be quite idle for him to take bail from the defendant that he should at all times render himself amenable to the execution, which it was his duty at once to enforce. But if an execution against property has been issued, which may be unreturned for sixty days, it is quite proper that a defendant who has been arrested should be discharged from arrest, by giving the bail that he will at all times render himself amenable to process against his person. This construction is made still clearer by reference to section 201, which provides that the sheriff may discharge himself from any liability on account of an arrested person " by the giving and justification of bail, at any time before process against the person of the defendant." But if the true construction be that claimed by the appellant, there was simply an irregularity in taking the undertaking of which, in this action, Wildey and his sureties cannot take advantage. (*Franklin* v. *Pendleton*, 3 Lond. [S. C.], 572; *Haggart* v.

*Morgan,* 5 N. Y., 422 ; *Coleman* v. *Bean,* 32 How. Pr., 370.)

It is further claimed that the undertaking became inoperative because Wildey was not charged in execution within three months from the last day of the term next following that at which judgment was obtained. This is upon the assumption that sections 36 and 37 of title 17, chapter 8, part 3 of the Revised Statutes were in force at the time the undertaking was given. (*Lippman* v. *Petersberger,* 18 How. Pr., 270 ; *Wells* v. *Jones,* 2 Abb. Pr., 20.) Section 36 provides that when any defendant, at the time judgment shall be rendered against him, shall be in the custody of a sheriff or other officer, the plaintiff in such judgment shall charge such defendant in execution thereon within three months after the last day of the term next following that at which such judgment shall have been obtained. And section 37 provides that if the plaintiff shall neglect so to charge the defendant he may be discharged from custody by a *supersedeas,* to be allowed by any judge of the court, unless good cause to the contrary be shown ; and after being so discharged such defendant shall not be liable to be arrested upon any execution which shall be issued upon such judgment. The claim, as I understand it, is, that in consequence of these provisions the defendant could not be charged in execution ; and hence that, under section 191, the bail were exonerated because Wildey was legally discharged from the obligation to render himself amenable to process.

There are two reasons why these provisions of the Revised Statutes, assuming that they were in force, do not apply to this case : (1.) They were intended only for the relief of a person in actual custody, whom the plaintiff in the judgment permitted to remain in custody for a long period without charging him in execution. While Wildey was in custody when the judgment was entered, he had been discharged from custody several months before the execution was issued against his person. (2.) Wildey was never discharged from custody by a *supersedeas,* and hence remained liable to arrest

upon execution. Under the old practice, after the lapse of the three months and after the defendant in custody had moved for a *supersedeas* the plaintiff could issue a *ca. sa.* and deliver it to the sheriff, and that would be good cause for not allowing the *supersedeas.* (1 Burrill's Pr., 427; 1 Caines, 167; 3 J. R., 446.)

Prior to 1870 there was in the Code no limitation of time during which an execution against the person of a defendant in custody might be issued; and the condition of an undertaking given to discharge the defendant from an order of arrest was, that he should at all times render himself amenable to the process of the court. But in 1870, by an amendment of section 288 of the Code, made after the execution against the person in this case had been issued, it was provided, that, " if any defendant be in actual custody under an order of arrest, and the plaintiff shall neglect to enter judgment in the action within one month after it is in his power to do so, or shall neglect to issue execution against the person of such defendant within three months after the entry of judgment, such defendant may, on his motion, be discharged from custody by the court in which such action shall have been commenced, unless good cause to the contrary be shown; and after being so discharged, such defendant shall not be arrested upon any execution issued in such action."  This amendment was doubtless adopted to adapt the provisions of the Revised Statutes, above referred to, to the Code; and, as will be seen, provides only for the case of a defendant in actual custody; and the execution against the person can be superseded only upon motion and the order of the court.

The order of the General Term was therefore right, and should be affirmed, and judgment absolute rendered against the appellant with costs.

All concur.

Order affirmed and judgment accordingly.