## SUPREME COURT.

### The Merchants' National Bank of Syracuse agt. Howell Mosher, impleaded.

*Execution against the person — Supersedeas — how defeated — Code of Civil Procedure, section 572.*

Under the former practice the plaintiff could defeat the application for a *supersedeas*, by issuing a *ca. sa.* before the application for a discharge was heard.

*It seems* that the provisions of section 572 of the Code of Civil Procedure, providing that if the defendant is in *actual custody*, by virtue of an order of arrest in the action, and the plaintiff neglects to enter judgment in the action within one month after it is in his power to do so, or neglects to issue execution against the person of defendant within three months after the entry of judgment, the defendant *must*, on his application, be discharged, &c., &c.,      *      *      *      were intended only for the relief of a defendant in *actual custody*, and do not apply, where he is held under bail for the liberties of the county.

In such cases, the former practice prevails, and where the plaintiff, after notice of motion in the nature of a *supersedeas* and before the time of appearance before the judge, issues an execution against the person of defendant and puts the same in the hands of the sheriff, and on the hearing shows this for cause, the motion will be denied.

*Oneida Special Term, February*, 1878.

The defendant, prior to March 9, 1877, was a member of a banking firm in Canandaigua. He became indebted with his partners to plaintiff and liable to arrest. On the 24th of March, 1877, this action was brought, and Mosher was arrested that day and gave bail in Ontario county. Judgment was entered April 28, 1877, for plaintiff, and execution issued

against the property the same day to the sheriff of Ontario county and returned *nulla bona*, June 20, 1877. Prior to April twenty-eight, the defendant Mosher with his family removed to Monroe county, and he informed the sheriff he would deliver himself up if a body execution came to the sheriff of Ontario county. A *ca. sa.* was issued to the sheriff and received by him June 23, 1877, and returned June 26, 1877, by the sheriff, with certificate that Mosher could not be found in his county after diligent search. July fifth, an action was brought by plaintiff against the sureties on the bail bond. July eleven, the sureties surrendered Mosher to the sheriff of Ontario county, and on the twelfth of October, they were exonerated upon payment of costs. Mosher was surrendered July eleven, but immediately gave bail for the liberties of Ontario county, and has been held under the bail to the limits since, but has not been in *actual custody* of the sheriff of Ontario county. More than three months have expired since he was so surrendered and gave bail for the limits, January 26, 1878. This motion was noticed for special term February 5, 1878. February 4, 1878, the plaintiff issued and put in the hands of the sheriff of Ontario county an execution against the person of Mosher, the defendant. This motion is now made in the nature of a *supersedeas* for the discharge of Mosher.

*T. H. Bennet*, for motion.

*Kennedy & Tracy*, opposed.

HARDIN, *J.*— Under the former practice, the plaintiff could defeat the application for a *supersedeas* by issuing a *ca. sa.* before the application for a discharge was heard (1 *Burrill*, p. 427; 1 *Caines*, 167; *Walsh* agt. *Hill*, 3 *John.*, 446; *Bostwick* agt. *Goetzel*, 57 *N. Y.*, 586).

The amendment of section 288 of the Code in 1870 provided for a case when a defendant "*was* in actual custody *under an order of arrest.*" The court of appeals say, that

Merchants' National Bank of Syracuse agt. Mosher.

"provides only for the case of a defendant *in actual custody*" (57 *N. Y.*, 586). Section 572 of the Code of Civil Procedure provides, "if the defendant *is in actual custody* by virtue of an order of arrest in the action * * * the defendant must be discharged *from custody.*"

The defendant has not brought himself within the provisions of section 572, and the former practice still prevails, and it must be held that the execution issued February 4, 1878, defeats this motion (*Walsh* agt. *Hill*, 3 *John.*, 446, *and cases supra ; Smith* agt. *Knapp*, 30 *N. Y.*, 581 ; *Bostwick* agt. *Wildey*, 42 *How. Pr.*, 245).

The motion must be denied with ten dollars costs.