EBER W. BROWN, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

The Legislature has power to designate for those convicted of misdemeanors, a place of imprisonment, in a part of the State other than the county of the offence and trial; and although the Revised Statutes (2 R. S., 697, § 40) prescribe the county jail as the place of imprisonment for those guilty of certain misdemeanors, the Legislature is not restricted thereby, but may provide by law for another place and a different institution within the State.

Accordingly *held*, that the act of 1874 (chap. 209, Laws of 1874) is constitutional and valid, which authorizes boards of supervisors to agree with any county having a penitentiary therein, to receive into it and keep any person sentenced to confinement for a term not less than sixty days, and making it the duty of every court in a county so agreeing, to sentence to such penitentiary any person convicted of an offence not punishable with imprisonment in a State prison who is sentenced for a term not less than that specified.

(Submitted November 27, 1878; decided December 10, 1878.)

ERROR to the General Term of the Supreme Court, in the second judicial department, to review judgment affirming judgment of the Court of General Sessions of the Peace in and for the county of Richmond.

The nature of the judgment and the facts appear sufficiently in the opinion.

*Max C. Huebner*, for plaintiff in error. The offence is a misdemeanor and as such was, if imprisonment constituted

the judgment, to be suffered in the county jail. (3 R. S. [Bank's ed.], 980; 2 Gen'l Stat., 779.) The power to create crimes and to fix the punishment therefor was vested solely in the Legislature and not limited by the Constitution. (*Barker* v. *People*, 3 Cow., 686; *Williams* v. *People*, 24 N. Y., 405.) The sentence for a crime is the sentence of the law. (1 Arch. Cr. Pl., 675.) It is not the court which determines the place of imprisonment but the law. (*Weed* v. *People*, 31 N. Y., 465.) The punishment comes from the law itself. (1 Bish. Cr. L., 1121.) While a law may be passed which shall take effect upon the happening of a contingency, yet if it is made to take effect upon any decision of an extraneous power upon the expediency of the act itself, it is unconstitutional and void. (*Barto* v. *Himrod*, 8 N. Y., 378; *Thorne* v. *Cramer*, 15 Barb., 112; *Bradley* v. *Baxter*, id., 122; 8 How., 18.) The prisoner should have been sentenced under the Revised Statutes. (Sedgw. on Stat. & Const. Law, 166, 177.)

*John Croak*, district attorney, for defendants in error. The court had power to inflict the punishment. (Laws 1874, chap. 209, § 1; R. S. [6th ed.], 1062, §§ 30–31.) The Legislature has power over the punishment for crime. (*Barker* v. *People*, 3 Cow., 686; *Wynehamer* v. *People*, 13 N. Y., 378–418; *Dempsey* v. *People*, 5 Park., 85.) The statute under which the sentence was inflicted is in strict accordance with the Legislative enactments in this State in that regard since 1828. (Laws 1828, chap. 197; Laws 1830, chap. 214; Laws 1847, chap. 183; Laws 1853, chap. 110; Laws 1858, chap. 139, § 1; Laws 1874, chap. 209, § 1; title 9, part 4, chap. 2, §§ 7, 12, 21, 26, 28–32, p. 1057.)

FOLGER, J. The plaintiff in error was, on his own plea, found guilty of assault and battery, in the Richmond county sessions, and sentenced by that court "to be imprisoned in the Kings county penitentiary, for the term of six months."

It is claimed that this sentence is unlawful, because the place of imprisonment named by the court is not the county jail of Richmond county.

"The king can choose his own prison to detain, as well as his own court to try," says the court in *The King* v. *The Bishop of Rochester* (Fortescue Rep., 101). So can the People; but the People must prescribe by law what prison or prisons they may choose. Now the People, in this case, have prescribed. By the act of 1874, (Laws of 1874, chap. 209, p. 229) it is made lawful for the several boards of supervisors in this State to agree with any county, having a penitentiary therein, to receive into it, and there keep, any person sentenced to confinement for a term not less than sixty days. (§ 1.) It is made the duty of the boards to give public notice that an agreement has been made. (Id.) Thereupon it becomes the duty of every court in a county so agreeing, by which any person may be sentenced for a term not less than sixty days, for an offence not punishable by imprisonment in the State prison, to sentence such person to a penitentiary so agreed upon. If this law is valid, the sentence was well imposed, so far as any objection thereto has been taken by the plaintiff in error. But it is claimed, that by the act of 1874, the power of naming the prison for the offender, and thus of sentencing him, is conferred upon a board of supervisors, and is not reposed in the courts; and it is urged that the Legislature may not give such power to that board. We will not dispute the principle stated; we will differ from the statement of fact. The Legislature has not given that power to that board. It has impowered the board to enter into an agreement, by which a place of imprisonment will be provided; but the sentence to confinement there must come from the court, where alone is the power to impose the sentence.

It is not novel, that the place of imprisonment of an offender should by statute law depend somewhat upon the action of some body or officer other than the Legislature or the court inflicting the sentence. Thus the limits of the jail

liberties were formerly fixed by the Courts of Common Pleas, acting under authority of statute; (1 R. S., p. 428, § 4); and in *Peters* v. *Henry* (6 J. R., 121), (a civil case, to be sure) it is said quoting *Bonafous* v. *Walker* (2 T. R., 126) that the statute makes them, "to all intents and purposes, the same as the walls of the prison," and that the prisoners are within the prison whilst on the limits. By the same statute, (§ 3), sheriffs were permitted to remove their prisoners from the place to which they were sentenced to the new jails of their counties; thus the place of imprisonment was fixed by the sheriffs, not by the courts. So there are provisions in the Revised Statutes which authorize courts other than those which have imposed the sentence, or which authorize sheriffs, to fix the place in which prisoners shall actually be confined. (2 R. S. pp., 428–429–430, §§ 14, 15, 18, 21, 24, 26.) These statutes have long stood unquestioned, and the scrutiny neither of the bench nor of the bar has detected any weakness in them There are similar provisions in the laws of the United States; (1 Stat. at Large, 225; 3 id., 646; 4 id., 632; 13 id., 74); and what is more extreme, they confide to the keepers of the places of imprisonment the power of imposition of hard labor on the convict, though they do not require that such part of the punishment shall be named in the sentence of the court. (1 Brightly's Digest L. of U. S., pp. 216–217–218, §§ 80–84.) In Massachusetts, a law has been recognized as valid requiring certain measures to be taken by a Court of Sessions, before a jail is to be deemed a house of correction, and magistrates authorized to commit to it. (*Taunton* v. *Westport*, 12 Mass., 355; see also *Brennan's Case*, 10 Ad. & Ell. [N. S.], 492; *Martin* v. *Reg.*, 3 Cox Cr. Cas., 319–359.)

We have no doubt of the power of the Legislature to designate a place of imprisonment in a part of the State other than the county jail of the county of the offence and trial; nor of its power to use all the instrumentalities of the State in procuring such place, and in securing confinement in it. It is plain that the State, as a political body, organ-

ized to preserve and secure good order and obedience to the
law, has a right to bring all accused persons to trial, accord-
ing to law, and to impose upon persons found guilty a law-
ful sentence, and to make provision that when corporeal
punishment is imposed, it shall be endured. To bring to
trial, to find guilty and to sentence, it uses the court, the
judicial power. To provide a place in which to suffer pun-
ishment, it uses the counties, through their boards of super-
visors, the ministerial or executive power. It is the State
though which acts through each of these instrumentalities;
and so that the action is by virtue of law duly and pre-
viously passed, there is no ground for complaint. When
the supervisors, by their agreement made in pursuance of
law, have provided beforehand a place for the reception of a
sentenced offender, they do not impose the sentence, nor do
they select the place of his punishment. It is the law of the
Legislature and the judgment of the court which authorizes
and directs his confinement there. The finger of the State
moves, both in the action of the board and in that of the
court; and, in both, acts in a way lawful. A law would be
valid that required a county to erect a new county jail in
some other town than that in which the existing jail stands;
and that further directed, that when it was ready for use,
the courts of the county should sentence a class of convicted
persons to confinement therein. Though the supervisors
would have the selection of the site of the new prison, and
so, in a sense, of the precise place of confinement of those
sentenced there, yet it is the judgment of the court which
imposes the sentence, and empowers the executive officers to
imprison there; and it would be the State, acting through
its different lawful instrumentalities, which wrought each
act. All that is essential is, that there be legislative author-
ity previously given to supervisors and to court. Though
the Revised Statutes, (2 R. S., p. 697, § 40) prescribe the
county jail as the place of imprisonment for those guilty of
certain misdemeanors, the Legislature is not restricted
thereby, but may provide by law for another place and dif-

ferent institution within the State. It has done that, by the act of 1874.

These views cover and refute all the points taken before us by the plaintiff in error. We do not look further into the case than those points require.

The judgment of the Court of Sessions and that of the General Term should be affirmed.

All concur.

Judgment affirmed.