JAMES S. WATT, APPELLANT, v. MICHAEL HEALY, RE-SPONDENT.

*Supersedeas—when a defendant is not in actual custody, so as to authorize an application for it—Code of Civil Procedure, § 572—how far the old practice is affected by it.*

The defendant in this action, having been arrested and given bail, his sureties neglected to justify, of which fact the sheriff had notice, but owing to some understanding between one of his deputies and the defendant, never lodged defendant in jail, but suffered him to go where he pleased.

*Held,* that the defendant was not "in actual custody" within the meaning of section 572 of the Code of Civil Procedure, authorizing one in actual custody, by virtue of an order of arrest in an action, to apply for a *supersedeas* if the plaintiff fails to issue an execution against his person within one month after it is within his power so to do.

*Quære,* as to whether the old practice authorizing the court to refuse the *supersedeas* where the execution is issued after the service of the motion papers, but before the hearing, has been abolished by the Code of Civil Procedure.

APPEAL from an order made at Special Term, superseding an order of arrest and an execution issued against the person of the defendant.

*Reddy & Fromme,* for the appellant.

*Edward Van Ness,* for the respondent.

BARRETT, J. ;

More than three months having elapsed since the entry of judgment, and the plaintiff having neglected to issue execution against the person, the defendant moved for his discharge under section 572 of the Code of Civil Procedure. The motion was opposed upon two grounds : *first,* that the defendant was not in actual custody ; *second,* that an execution against the person had been issued before the motion to discharge was made. The court below granted a *supersedeas,* and ordered the defendant's discharge from custody whether under the order of arrest or the execution. It appeared as matter of fact that the defendant was not *in actual custody.* In stating that he was, the defendant evidently referred to his understanding of *the legal effect* of what had transpired. The

truth is, that when taken under the order of arrest, he gave bail. The sureties failed to justify, of which fact the sheriff had due notice. That officer, however, because of some understanding between the defendant and one of his deputies, took no further steps in the matter, and chose to assume the liability of bail. (Code Civ. Pro., § 587.) At all events the defendant was never lodged in jail, but was suffered to go where he pleased. If there was any restraint it was only constructive. The facts consequently did not entitle the defendant to relief under section 572, as that section only provides for the case of a defendant in " actual custody by virtue of an order of arrest in the action." This was the rule both under the Revised Statutes, and the Code of Procedure. (*Bostwick* v. *Goetzel*, 57 N. Y., 585, 586.) The language of section 572 of the Code of Civil Procedure is, in this regard, almost precisely the same as that used in section 288 of the Code of Procedure. The views of Earl, J., in *Bostwick* v. *Goetzel* (*supra*), would therefore seem to be entirely in point. The object of the statute was to afford relief to persons undergoing close confinement. It was not intended to apply to those who had secured their freedom on bail, or, as here, without bail, through the improper influence of a deputy sheriff.

We have grave doubts, too, as to the correctness of the ruling upon the second question. The practice, well settled and of long standing, not to allow the *supersedeas* where the plaintiff, even after the service of the motion papers, had issued his *ca. sa.,* and delivered it to the sheriff (1 Burrill Pr., 427; *Manhattan Co.* v. *Smith*, 1 Caines, 67; *Minturn* v. *Phelps*, 3 Johns., 446), should not be lightly disturbed. The learned judge at Special Term placed his judgment upon the substitution of the word "must," in the new Code (§ 572), for the word "may" in the old (§ 288). The rule to which we have referred, however, was not based upon the absence of a mandatory form of expression, but upon the statutory intent. It was said in *Minturn* v. *Phelps* (3 Johns., 446), that the intent of the then existing statute was to enable the defendant to put the plaintiff to his election, either to take the person of the defendant in execution, or to resort to his estate. The right to a *supersedeas*

was never absolute and unqualified. The plaintiff was always permitted to show " good cause to the contrary," nor was he confined to proof of inability to issue the process during the specified period. The issuing of the *ca. sa.,* intermediate the rule and the bringing on of the motion, was always deemed good cause for refusing the *supersedeas.*

The order appealed from should be reversed, with $10 costs, and the disbursements of the appeal, and the motion denied.

DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Order reversed, with $10 costs, and disbursements, and motion denied.