Potter, J.
This is a motion made at the Clinton county special term in January, 1887, for the discharge of the defendant from arrest under an order of arrest heretofore issued in this action and from any liability to be arrested upon any execution that may be issued upon the judgment in this action, etc.
The order under which the defendant was arrested was granted by a judge and the defendant was arrested thereunder by the sheriff of the County of Franklin on the 13th day of February 1885, and upon such arrest the defendant on the day following gave the sheriff an undertaking pursuant to sections 573-574 and 575 of the Code of Civil Procedure and was thereby discharged from such arrest.
The undertaking was under the 3rd subdivison of section 575, to the effect that the defendant would at all times render himself amenable to any mandate which may be issued to enforce final judgment in the action.
The affidavits upon the motion also show that the action has been tried and a judgment recovered therein upon the 17th of March, 1886, for $660,22, damages and costs, and that in due *325 time the defendant brought an appeal from said judgment which is still pending but gave no undertaking upon such appeal, and that the plaintiff has neglected to issue execution for more than three months after the entry of judgment. The motion is based upon two grounds, one that more than six months have elapsed since the arrest of defendant under said order and the defendants entitled to be discharged under section 111 of the Code as amended; the other that the plaintiff having neglected to issue execution against the body of defendant within three months after the entry of judgment, the defendant is entitled to be relieved from liability to arrest under any execution that may be issued in said actionpursuant to section 573, of the Code of Civil Procedure as amended in 1886.
My impression upon the argument was that the defendant was not entitled to be discharged under the decisions made by me in Lust v. Grant and Salomon v. Same, and reported in 1 New York State R. 587 and cited upon the argument in support of the motion even if that decision should in all respects be affirmed, but as that decision was undergoing review by the general term in the first department and might be reversed as to the principle which the defendant’s counsel contended was applicable to this case, I thought it best to withhold any decision upon this motion until the decision of the general term in the above mentioned cases.
Recently I have seen that the decision in those cases was affirmed and the question now presented is whether the motion should be granted, upon either of the grounds of defendant’s contention.
The first grounds arises upon the amendment of the several sections of the Code made by chap. 672 and 648, Laws of 1886.
It will be observed upon reference to those amendments that they all relate to the duties of officers and in relation to imprisonment of persons confined in the jail or within the jail liberties by virtue of an undertaking pursuant to section 150, conditioned that the persons so in custody, that is, under an order of arrest, surrender by bail or execution against the person, shall remain a 'prisoner and shall not at any time or in any manner, escape or go without the liberties of the jail until discharged by due course of law.
Section 111, has only reference to that class of defendants and makes provision for their discharge under certain circumstances, viz.: those “ imprisoned within the prison walls of a jail ” and those “ imprisoned within jail liberties of any jail.”
Prisoners of the first class may become prisoners of the second class by giving the undertaking specified in section 150 above referred to, and in no other way.
Prisoners of the second class may again become prisoners of *326 tbe first by their surrender to the sheriff through their bail or sureties.
These two classes only are -mentioned in the various sections of the Code, notably in sections 111, 149,150,152, 153,154,155, 158, 160, 162, 572, as prisoners.
Each of these classes is mentioned as prisoners, whether confined within the walls of the jail or within the jail liberties and in custody of the officers, in these sections of the Code and were regarded as in the custody of the law, before these provisions of the Code were enacted. Peters v. Henly, 6. J. R. 121; Brown v. The People, 75 N. Y., 439, 440; the defendant does not fall within either of these classes. He is neither a prisoner within the walls, nor within the liberties, of the jail. The' undertaking he has given to the sheriff does not obligate him “ not to escape in any manner or at any time, or go without the liberties of the jail.”
He may go when or where he pleases without or within the county with this one limitation, that he will, when required, be somewhere in the county, amenable to a mandate issued upon final judgment in this action.
He is not in fact nor in contemplation of law a prisoner, and these provisions of the law in relation to imprisonment of persons in civil actions, and their discharge therefrom, have no application to his case.
There is no hardship in this case of which the defendant can justly complain. He had his choice of what condition he should be in wheñ arrested under the judge’s order in this action. He could have given an undertaking for the liberties of the jail and suffered in those restricted liberties for six months and then had unrestrained liberty to go where he pleased for all time or give the undertaking, — which he gave, — for the other kind of liberty which is only restricted by his agreement to be in the county in case he shall be required upon final judgment against him in the action.
As a further illustration of the humane character of this law, I see no reason why, if-the defendant made a bad choice when he decided which kind of liberty he would have and is dissatisfied with it, he cannot now obtain the other kind by a surrender to the sheriff and then giving the undertaking for the jail liberties, and after submitting to such restriction for six months, in dull times or unpleasant weather perhaps, obtain that larger liberty more desirable with a larger business and wider range of travel with the change of time and the seasons.
My conclusion is that the first ground on which the motion rests is untenable.
The defendant invokes section 572, as amended by the same chapter 672, above referred to, as entitling him to an order releasing him from liability to arrest upon the final judgment in *327 this action; that section as amended, is rendered somewhat obscure no doubt in the effort to adapt it to the amendments of the other sections and to avoid dividing its substance into' additional sections.
Assuming that the legislature intended to change the law upon this subject as it existed in the Revised‘Statutes and the provisions of the Code and their amendments from time to time, and the decisions of the courts requiring that the defendant when making this motion should be. in custody, see 3. R. S. (5th Ed.) 870; Code Procedure, sec. 288; Bostwick v. Goetzel 57 N. Y. 582. and cases there referred to. And permitting a defendant not in custody to make the motion, it results, that the granting of the motion in this case, is a matter resting in the discretion of the court.
I will not here- undertake to decide that question. If it were necessary I should be inclined to the opinion that the law was changed by the amendment, but as a matter of discretion I am not inclined to grant that part of the motion.
As we have seen, the defendant has not been and is not imprisoned in this action, though a judgment was rendered against him and from which he has appealed. The defendant is not now imprisoned in any other action, nor liable to be, so far as shown by the papers upon this motion.
It is to be presumed that the defendant expects to reverse the judgment against him in this action as illegal or unjust.
If he is not disappointed in his expectations the judgment will be reversed and he will never be imprisoned or arrested upon its mandate.
Should the defendant be heard to complain that the plaintiff has forborne to imprison him upon an unjust and erroneous judgment and if the judgment is reversed finally, will never have the right to imprison him ? That would be a novel and extraordinary use to apply the provisions of that humane legislation to.
A defendant complaining that the plaintiff had been so considerate and humane as not to imprison him on an unjust judgment and because he- had not imprisoned defendant when the defendant claims that plaintiff ought not to, that the plaintiff should not imprison him when the court holds he ought to, if the judgment should be affirmed. Motion denied with ten dollars costs.