Potter, J.
[After stating facts as above]—My impression upon the argument was1 that the defendant was not entitled to be discharged under the decisions made by me in Lust v. Grant and Salomon v. Same,* cited upon the argument in support of the motion, even if that decision in all respects should be affirmed ; but as that decision was undergoing review by the general term, in the first department, and might bo reversed as to the principle which the defendant’s counsel contended was applicable to this .caso, I thought it best to withhold any decision upon this motion until the decision of the general term in the above-mentioned cases,
Recently I have seen that the decision in those eases was affirmed, and the question now presented is whether the motion should be granted upon either of the grounds of defendant’s contention.
The first ground arises upon the amendment of the several sections of the Code, made by chaps. 672 and 648, Laws of 1886.
It will be observed, upon reference to those amendments, that they all relate to the duties of officers and in relation to imprisonment of persons confined in the jail or within the jail liberties by virtue of an undertaking pursuant to section 150, conditioned that the person so in custody—that is, under an order of arrest—surrender by bail or execution against the person, shall remain a prisoner, and shall not at *454 any time, or in any manner, escape or go without the liberties of the jail, until discharged by due course of law.
Section 111* has only reference to that class of defendants, and makes provision for tlieir discharge under certain circumstances, viz.: Those “ imprisoned within the prison walls of a jail,” and those “ imprisoned within jail liberties of any jail.”
Prisoners of the first class may become prisoners of the second-class by giving the undertaking specified in section 156, above referred to, and in no other way. Prisoners of the second class may again become prisoners of the first by their surrender to the sheriff through tlieir bail or sureties. These two classes only are mentioned in the various sections of the Code, notably in sections 111, 149,150,152,153,154, 155, 158, 160, 162, 572, as prisoners. Each of these classes is mentioned as prisoners, whether confined within the walls of the jail, or within the jail liberties and in custody of the officers, in these sections of the Code, and were regarded as in the custody of the law before these provisions of the Code were enacted (Peters v. Henry, 6 Johns, 121 ; Brown v. People, 75 N. Y. 437, 440).
| The defendant does not fall within either of these classes. He is neither a prisoner within the walls, nor within the liberties of the jail. The undertaking he has given to the sheriff does not obligate him “ not to escape in any manner or at any time, or to go without the liberties of the jail.” He may go when or where he pleases without or within the county with this one limitation, that he will, when required, be somewhere in the county amenable to a mandate issued upon final judgment in this action. He is notin fact, nor in contemplation of law, a prisoner, and these provisions of the law in relation to imprisonment of persons in civil actions and their discharge therefrom, have no application-to his ease.
There is no hardship in this case of which the defendant *455 can justly complain. He had his choice of what condition he should be in when arrested, under the judge’s order in this action. He could have given an undertaking for the liberties of the jail and suffered in those restricted liberties for six months, and then had unrestrained liberty to go where he pleased for all time; or give the undertaking —which he gave—for the other kind of liberty, which is only restricted by his agreement to be in the county in case he shall be required upon final judgment against him in the action.
As a further illustration of the humane character of this law, I see no reason why, if the defendant made a bad choice when he decided which kind of liberty he would have and is dissatisfied with it, he cannot now obtain the other kind by a surrender to the sheriff, and then giving the undertaking for the jail liberties, and after submitting to such restrictions for six months, in dull times or unpleasant weather, perhaps, obtain that larger liberty more desirable with a larger business and wider range of travel, with a change of times and the seasons.
My conclusion is that the first ground on which the motion rests is untenable.
The defendant invokes section 572, as amended by the same chapter 672, above refered to, as entitling him to an order releasing him from liability to arrest upon the final judgment in this action. That section as amended is rendered somewhat obscure, no doubt, in the effort to adapt it to the amendments of the other sections, and to avoid dividing its substance into additional sections.
Assuming that the legislature intended to change the law upon this subject, as it existed in the Revised Statutes and the provisions of the Code and their amendments from time to time, and the decisions of the courts, requiring that the defendant when making this motion should be in custody (see 3 R. S. 5 ed. 870; Code Pro. § 288; Bostwick v. Goetzel, 57 N. Y. 582; and cases there referred to), and permitting a defendant not in custody to make the motion, *456 it results that the granting of the motion in this case is a matter resting in the discretion of the court.
I will not here undertake to decide that question. If it were necessary, I should be inclined to the opinion that the law was changed by the amendment; but as a matter of discretion, I am not inclined to grant that part of the motion.
As we have seen, the defendant has not been, and is not, imprisoned in this action, though a judgment was rendered against him, and from which he has appealed. The defendant is not now imprisoned in any other action, nor liable to be, so far as shown by the papers upon this motion. It is to be presumed that the defendant expects to reverse the judgment against him in this action as illegal or unjust. If he is not disappointed in his expectations, the judgment will be reversed, and lie will never be imprisoned or arrested upon its mandate.
Should the defendant be heard to complain that the plaintiff has forborné to imprison him upon an unjust and erroneous judgment, and if the judgment is reversed finally will never have the right to imprison him? That would be a novel and extraordinary use to apply the provisions of that humane legislation to a defendant complaining that the plaintiff has been so considerate and humane as not to imprison him on an unjust judgment; and because he had not imprisoned defendant when the defendant claims that plaintiff ought not to, that the plaintiff should not imprison him when the court holds he ought to, if the judgment should be affirmed.
Motion denied, with $10 costs.

 Decisions of general and special term reported, ante, p. 220, with note on discharge from imprisonment, p. 229.

 .Quoted in full and paragraphed and indexed, ante, p. 229.