STATE v. FISHBLATE, Mayor, and others.

*Indictment—Sufficiency of—Duty of Municipal Officers concerning Streets.*

An indictment against the mayor and aldermen of a city for a neglect of official duty in failing to remove obstructions from a street and to keep the same in repair, is fatally defective if it fails to point out the particular public duty neglected, or to refer to the statute imposing it.

(*State* v. *Justices of Lenoir*, 4 Hawks, 194; *State* v. *Com'rs of Halifax*, 4 Dev., 345; *State* v. *King*, 3 Ired., 411; *State* v. *Patton*, 4 Ired., 16; *State* v. *R. R. Co.*, Busb., 234, cited and approved.)

INDICTMENT against the mayor and aldermen of the city of Wilmington, tried at February Term, 1880, of NEW HANOVER Criminal Court, before *Meares, J.*

The defendants moved to quash the indictment, the motion was allowed, and the state appealed.

*Attorney General*, for the State.
No counsel for defendants.

SMITH, C. J.    The defendants, the mayor and aldermen of Wilmington, are charged with a neglect of official duty in

failing to remove certain obstacles in some of the streets of the city, impediments in the way of their use, and for suffering them to become ruinous and in decay for want of necessary reparation.

The defendants moved the court to quash the indictment for several defects specified in the record, and among others, that the indictment fails to point out the particular public duty neglected, or by what statute they are required to remove the obstacles or to repair the streets. The court sustained the motion, and from the judgment quashing the bill the state appeals.

We think there was no error in the ruling of the court, and that the bill is fatally defective in that it does not specify the duty imposed, nor how imposed, the neglect of which constitutes the offence. This will appear by reference to some of the cases determined in this court.

In *State* v. *Justices of Lenoir*, 4 Hawks, 194, the bill charged the defendants " whose duty it is to amend and repair " the jail of their county whenever it is necessary, with negligently and unlawfully permitting it to become and remain ruinous and in decay for want of reparation. The defendants demurred and the demurrer was sustained, Chief Justice TAYLOR saying : " There is no act which makes it the duty of the justices to repair the jail, and its going to ruin and decay may be the consequence of their neglecting the duty which is assigned, but the offence producing that consequence should be positively stated." HENDERSON, J., in a separate opinion says : " The justices of our county court are not obliged by their own exertions to build and repair jails; they are only to use the means to that end which the law has placed in their power; they are to lay the tax, make the order, appoint a treasurer of public buildings and appoint commissioners to contract for the building of the jail. An omission to perform one or all of these acts, when necessary, is a violation of their duty, and they being of public

concern, such omission is indictable. But the indictment must be conformable to the fact. It must charge which of those duties was omitted."

This case was followed by that of *State* v. *Commissioners of Halifax*, 4 Dev., 345, essentially the same as that before us, in which the defendants are charged with neglecting to keep in repair a certain street in the town, which they were "bound and obliged by the act of the general assembly of this state to keep and maintain in safe, convenient and complete repair." The judgment was arrested because the indictment did not specifically set out any official duty imposed on the commissioners, and GASTON, J., after a careful analysis of the law, prescribing the various public duties, adds: "We know of no public law which obliges the persons who may be commissioners of any incorporated town to keep the streets in order, and whenever an indictment is preferred against those who are not bound by the common law and of common right to repair, such indictment must set forth the matters, by reason whereof the obligation is devolved on the persons charged." The same principle is recognized and asserted in *State* v. *King*, 3 Ired., 411; *State* v. *Patton*, 4 Ired., 16; and in *State* v. *R. R. Co.*, Busb. 234.

Applying the principle thus declared to the present indictment, it will be found deficient in a similar failure to set out the particular duty devolved on the defendants in reference to the streets, or refer to the statu e which imposes it. The averment in the bill is "that during all the said time (while the streets were so obstructed and out of repair) it was incumbent upon and yet is the duty of the said mayor and aldermen (naming the defendants) to amend and repair said streets and highways and to remove therefrom the said bars of iron, cross-ties and rails of lumber (the alleged obstruction) which they unlawfully, wilfully and negligently did omit and yet do omit to do."

The mayor and aldermen, in the language of Judge

HENDERSON, " are not obliged by their own exertions " to keep the streets of the city in repair, but only to use the means placed at their disposal for that purpose. It nowhere appears that they have omitted any duty enjoined upon them by law. The act of incorporation authorizes the board of aldermen " to make and provide for the execution thereof, such ordinances, by-laws, rules and regulations as they may deem necessary and proper." Private Acts 1866, ch. 2, § 8. It is not alleged that they have failed to make such regulations as were needed in regard to public streets, or to appoint proper persons to see that they were kept in order, or to levy taxes when needed to defray expenses incurred thereby, nor is any other supposed official delinquency in respect to the streets or the removal of nuisances pointed out, nor any reference to a law by which they are imposed.

These imperfections are fatal to the prosecution, and following the precedents we must so declare. If the verdict had been given, judgment would be arrested, and while the motion to quash is sometimes refused, there is no reason for permitting a cause to proceed when it is clear no judgment can be rendered on conviction.

There is no error and the judgment must be affirmed.

PER CURIAM.                                          Affirmed.