## STATE v. COMMISSIONERS OF WAYNE COUNTY.

*Fence Law—County Commissioners—Indictment.*

1. County Commissioners are not required by the stock law to personally superintend the fence around the no-fence territory, but they discharge their duty under the statute when they levy the necessary taxes, appoint the committees, &c., to keep the fence in repair.

2. An indictment against public officers for a failure to perform a pub-
lic duty, must set out the specific duty imposed on them which they
have neglected.

(*State* v. *Fishblate*, 83 N. C., 654; cited and approved).

INDICTMENT, tried before *Philips, Judge*, and a jury, at July
Term, 1886, of WAYNE Superior Court.

The defendants were indicted for neglect of duty in failing
as commissioners of the county of Wayne, to keep in repair
a stock law fence, and upon the trial, they introduced evi-
dence to show that they had, as a Board, levied the assess-
ment prescribed by law to raise money to keep the fence and
gates in repair; that they had appointed suitable persons to
superintend and keep in good order the gates and fences;
and had made necessary orders appropriating the funds ap-
plicable to the payment of expense in making such repairs.

The defendants asked the Court to instruct the jury, that,
" If they were satisfied from the evidence, that the commis-
sioners had made the proper orders and regulations; ap-
pointed proper overseers and committees to look after the
fence; and levied the tax as allowed by law, they were not
guilty, for it was not the duty of the commissioners to per-
sonally look after the condition of the fence or repair the
same by their own exertions."

The Court refused to give this instruction, and gave the
following: " The defendants are public officers, in the sense
of being liable for any neglect of duty. The law provides
that the commissioners shall keep the fence in repair, and
failing or neglecting to do that which the law says shall be
done, is an act of omission which renders them liable to in-
dictment. The Solicitor only contends for a verdict against
the defendants for failing to keep the fence up and in repair
after it was built. The law looks to the board of commis-
sioners of Wayne county to keep that fence in repair. It
appoints no other person or officer to do it, wherefore for any

failure or neglect to keep the fence in proper condition, the commissioners are the only persons to whom the law looks to make them liable for the omission. The board of commissioners had a right, if they chose, to appoint some person or persons to superintend the fence and keep it in good order, if such person or persons would accept such appointment, but the appointment of such agent or agents does not relieve the commissioners from their liability, but the jury can consider all the orders and regulations appointing overseers and committees to look after the fence, along with all the other evidence, in determining whether there is failure or neglect to perform the duties required of them in keeping in repair the fences. Was there wilful neglect on the part of the defendants to keep the fence in good condition? From all the evidence the jury must be satisfied beyond a reasonable doubt, that there was a wilful failure and neglect on the part of the defendants to keep the fence in good condition, or else they must acquit. If upon a consideration of the whole case, the jury are so satisfied, they will convict, otherwise they will return a verdict of not guilty."

Defendants' counsel excepted.

There was a verdict of guilty, and a motion for new trial, which was overruled.

The defendants' counsel then moved in arrest of judgment, upon the ground that the indictment was defective, in that it failed to set out the specific duty imposed upon the defendants, which they had neglected. Motion denied, upon the ground that the bill pointed out the said duties by referring to, and naming the statutes imposing the same.

*The Attorney-General,* for the State.
*Mr. J. W. Bryan,* for the defendants.

DAVIS, J., (after stating the facts). We think the defendants were entitled to the instructions asked for, and that the

error in refusing to give them was not cured by the charge given. The law does not require or contemplate that the commissioners shall personally superintend the fences and keep them in repair. They are required to make all regulations, and to do all other things necessary to carry into effect the provisions of the chapter of *The Code* relating to the stock law; *The Code,* §2826; and in doing this, they could hardly do more than was covered by the instructions asked for by the defendants. The act to prevent live stock from running at large in Goldsboro township, chapter 115, §10, Laws of 1885, authorizes and directs a committee of persons named therein to cause a fence to be built around the township in the manner. prescribed in the act, and to report to the board of commissioners; and then §14 directs, that after the committee shall have reported the completion of the fence, it shall be under the control and management of the board of commissioners, and they shall discharge with reference to said fence and the territory therein all the duties prescribed in chapter twenty of *The Code,* relating to territory where the stock law prevails. §2826 of *The Code,* already referred to, defines their powers and duties, and the instruction asked for, was in effect, that if the jury should be satisfied that the defendants had made proper regulations to carry into effect the provisions of the law, then they should find a verdict of not guilty.

But after verdict of guilty, we think the motion in arrest of judgment should have been allowed.

The indictment charges that the defendants " unlawfully and wilfully, did fail, omit and neglect to cause to be put up, and to keep up, a good and sufficient fence, and good and sufficient gates, about and around the territory within said county in which, under chapter 115 of the Laws of the session of the year 1885; of the General Assembly of the State, entitled 'An act to prevent live stock from running at large in Goldsboro township, Wayne county,' and the sev-

·eral acts of said General Assembly hereinafter named amendatory of said act, it was, then and there, for the space of time aforesaid, and yet is, required to be enclosed by a good and sufficient fence, with good and sufficient gates thereto, to the common nuisance and great damage of the good people of the State then and there living, residing and inhabiting, against the form of the statute in such cases made and provided ; and especially in violation of said first named act of the General Assembly aforesaid, and of the acts passed at the said session of the year 1885 by the General Assembly, amendatory of the said first named act, to wit: chapters 192, 242, and 287, of the Laws of the General Assembly," &c.

Nowhere in any of the acts referred to, is it made the duty of the defendants "to cause to be put up, and to keep up, a good and sufficient fence," &c.

It may be that the bad condition of the fence was the consequence of a failure on the part of the commissioners to " make all regulations," &c., necessary, as required by §2826 of *The Code*, to carry the law into effect, but they were not obliged, by their own exertions, to build or repair the fences. "They are only to use the means to that end which the law has placed in their power," and if by reason of their failure to use the means given to them by the statute, if by any omission of their duty, the public suffer, they may be indicted, but the indictment must point out the particular public duty neglected—must " set out the specific duty imposed upon them, which they have neglected ;" *State* v. *Fishblate*, 83 N. C., 654, and the authorities there cited, are conclusive on this point.

There is error. Let this opinion be certified to the Superior Court of Wayne county, that further proceedings may be had in conformity to this opinion.

Error. Reversed.