SHADRACK MANUEL v. THE BOARD OF COMMISSIONERS OF CUMBERLAND COUNTY.

*Counties—Municipal Corporations—County Commissioners.*

1. Counties are not, in strict legal sense, municipal corporations, like cities and towns, but are political organizations, created by the State for the more convenient and effective exercise of governmental powers; and the general rule is, that in the absence of a statutory provision, they are not liable for damages sustained by the negligent acts of their agents and servants.

2. There is no statute in this State imposing such liability; and hence an action cannot be maintained against a county for damages sustained by one while imprisoned in the county jail by reason of the failure of the commissioners to provide adequate means for his health and protection.

3. Whether the Commissioners are personally liable for such injuries, *quære.*

(*White* v. *Com'rs,* 90 N. C., 437; *McCormack* v. *Com'rs,* Ibid., 441; *Dare Co.* v. *Currituck Co.,* 95 N. C., 189; *Lewis* v. *Raleigh,* 77 N. C., 229; cited and approved).

CIVIL ACTION, tried before *MacRae, Judge,* at November Term, 1885, of CUMBERLAND Superior Court.

The plaintiff alleged, in substance, that he was imprisoned in the common jail of the county of Cumberland, about one month, according to law; that while he was so imprisoned, the defendants unlawfully and negligently failed to provide at all for his comfort and warmth, as they were required by law to do; that during a part of the time of his imprisonment, the weather was bitter cold and rough; that he suffered intensely and terribly from the same several days and nights, while the jailer was deaf to his appeals for relief; that as a consequence of such exposure and neglect while he was so imprisoned, he contracted a disease of the lungs, from which he has suffered greatly ever since, and the prospect is, that he will never recover; that he was strong and healthy

when he went to prison, and has ever since his discharge from the same, suffered from the disease so contracted, and has been and is frequently unable to labor for the support of himself and family who are dependent upon him, &c.; that by the gross neglect of the defendants as alleged, and the causes mentioned, he has sustained great damage, and demands judgment for the same, &c.

The defendants deny the material allegations of the complaint.

On the trial, pending the introduction of evidence, the Court intimated the opinion, " that the defendants were not, in their corporate capacity, liable for damages sustained by the plaintiff by a failure of the proper authorities to make the jail warm, and keep the same in a habitable condition while the plaintiff was imprisoned therein, if such was the case, as testified by the plaintiff."

Acting upon this intimation, the plaintiff, having excepted, suffered a judgment of nonsuit, and appealed to this Court.

No counsel for the plaintiff.
*Mr. Thos. H. Sutton,* for the defendant.

MERRIMON, J., (after stating the case). Counties are of and constitute a part of the State government. A chief purpose of them is to establish its political organization, and effectuate the local civil administration of its powers and authority. They are in their general nature governmental— mere instrumentalities of government—and possess corporate powers adapted to its purposes. It is not their purpose to create civil liability on their part, and become answerable to individuals civally or otherwise. Indeed, they are not, in a strict legal sense, municipal corporations, like towns and cities organized under charters or particular statutes, and invested with more of the functions of corporate existence, intended to serve, not so much the purposes of the

State, as, subject to its general laws, but for the advantage of particular communities in particular localities in the promotion and regulation more or less of trade, commerce, industries, and the business transactions and relations in some respects of the people residing or going there collectively and severally— their purposes are more general, and partake more largely of the purpose and powers of government proper. *White* v. *Commissioners*, 90 N. C., 437 ; *McCormack* v. *Commissioners, Ibid.*, 441 ; *Dare County* v. *Currituck County*, 95 N. C., 189 ; Cooley Const. Lim., 240 ; *Ibid.*, 247 ; Dillon on Mun. Corp., §§761, 762.

While what we have said is true generally, the Legislature, subject to constitutional limitations, may confer upon counties such corporate powers to make contracts, create civil liabilities, and serve such business purposes as it may deem expedient and wise, and make them answerable in damages for the negligence of their officers and agents in failing to properly exercise the powers with which they are charged, or for exercising them improperly, to the injury of individuals. But such corporate authority and liability must be especially created by and appear from statutory provision, expressed in terms or necessarily implied. Generally, a county is not liable for damages sustained by individuals, by reason of the neglect of its officers or agents, and there is no statute of this State creating such liability. *White* v. *Commissioners, supra.* It is provided by statute (*The Code,* §702), that "Every county is a body politic and corporate, and shall have the powers prescribed by statute, and those necessarily implied by law, and no other." Liability for such damages is not declared or implied by any statutory provision. On the contrary, it seems that the Legislature did not contemplate or intend that it should exist. Hence, it has expressly provided (*The Code*, §711), that "Any commissioner who shall neglect to perform any duty required of him by law as a member of the board, shall be guilty of a misdemeanor, and shall be liable to a penalty of two hun-

dred dollars for such offence, to be paid to any person who shall sue for the same," the purpose being thus to secure certainly the due discharge of official duty on the part of the commissioners.

This action is brought against the county, and not against the commissioners personally. They are its officers, and represent its corporate entity. " Its powers can only be exercised by the board of commissioners, or in pursuance of a resolution adopted by them," and "all actions or proceedings, by or against a county in its corporate capacity, shall be in the name of the board of commissioners of the county."

This case is very different in material respects from that of *Lewis* v. *Raleigh,* 77 N. C., 229, cited. It was an action against a city, brought for the purpose of the recovery of damages sustained by the intestate of the plaintiff therein, occasioned by the neglect of the city's officers and agents. But as we have seen, cities and towns stand on a footing very different from counties. Cities and towns are incorporated largely and mainly for the particular benefit of the corporators; they have special privileges and advantages, and exercise special powers, and are in many respects held responsible as such corporations for damages occasioned by the neglect of their agents.

The plaintiff cannot, therefore, maintain this action. It may be that he can have a remedy against the commissioners personally, but as to this we are not called upon to express an opinion.

If what he alleges is true, there was gross, inexcusable neglect on the part of the commissioners, resulting in serious injury to and shocking outrage upon him. It is difficult to believe that the commissioners so neglected to discharge their plain duty, and that a jailer could be so unfeeling and deaf to the appeals of a human being for relief from acute suffering that it was his duty to avert. We are glad to be assured by the counsel for the appellees that the allegations of the complaint have no real foundation in truth.

The law requires in explicit terms, and expects that county commissioners shall provide for the tolerable comfort of prisoners; they ought to so provide, and jailers should execute their proper orders with fidelity; if they will not, the Courts and solicitors should be vigilant to compel them to do so. It should never be forgotten that a prisoner cannot help himself in essential respects, and the laws of the State require that his condition shall not be made or left intolerable. Judgment affirmed.

No error.                                           Affirmed.