S. H. THREADGILL et al. v. THE BOARD OF COMMISSIONERS OF ANSON COUNTY.

*Counties—Municipal Corporations—Torts—Nuisance—Pleading.*

1. Counties are not liable for torts unless such liability is imposed by statute.

2. The authorities of municipal corporations must provide the means and employ the agencies to perform the duties imposed upon them, and for neglect to do so may be liable in damages; but they are not required to perform such duties by their own labor.

3. In an action against the Board of Commissioners of a County for injuries resulting from the erection and permission of a nuisance, the complaint containing no allegation that the Commissioners had failed to use the means at their disposal to prevent the nuisance; *Held*, that the plaintiff could not recover.

This is a CIVIL ACTION, which was tried before *Clark, J.*, at May Term, 1887, of ANSON Superior Court.

The plaintiffs, on the 1st day of October, 1883, instituted the present action against the' Board of Commissioners of Anson County to recover damages for the erection and maintenance of an alleged nuisance, on the court-house square, and to have the same abated, and state their cause of action thus:

1. That the defendants are a body politic and corporate, with power to sue and be sued, implead and be impleaded, expressly so declared by law. .

2. That the defendants before this action was commenced, and at the time it was commenced, had kept and allowed upon a lot in the town of Wadesboro, known and designated as the court-house and jail lots, subject to and under control of defendants, bounded, &c., * * * a public privy, which was before and at the time of the commencement of this action, and since the cause was commenced, used by the public, as well those living in the town of Wadesboro, as those who come into the town, but are not residents therein.

3. That the plaintiffs are the owners of the following lands, lots and tenements in said town, to-wit: The square adjacent to the court-house and jail lots, immediately north of said lots, bounded, &c., and live in one of the houses situate, standing and being on this said lot; that the privy, herein before designated and complained of, is about fifty yards from the dwelling-house occupied by the plaintiffs.

4. That by reason of the erection and location of said privy and the condition in which the same has been kept, and allowed to remain for a long time before this action was com-

23

menced, and at the time it was commenced, and by reason of the noisome smells arising therefrom, and by the escape of filthy matter therefrom and the deposit of human excrement therein, and the accumulation of the same therein and thereat, the plaintiffs have been for a long time before this action was commenced, and were at the time the same was commenced, annoyed in the proper enjoyment of their property, injured in their health and prejudiced and hurt in their rights, and damaged in their persons, and have been particularly and especially damaged by the matter aforesaid.

\*          \*          \*          \*          \*          \*          \*

6. That by reason of the said privy and the smells therefrom, the excrement therein and thereat accumulated and remaining there, these plaintiffs have all suffered in their health, and the family of the said Stephen H. Threadgill has sickened, suffered, been hurt and damaged, and all of said plaintiffs have thereby been specially damaged in their person and property.

7. That the value of their said property, outside of that occupied by the plaintiffs as their residence, has been injured in its rental value by reason of said privy and its surroundings and condition aforesaid.

8. That the plaintiffs, oftentimes before bringing this action, demanded of the defendants the abatement of the nuisance aforesaid, but the same was not done. Wherefore plaintiffs demand that the nuisance and privy be abated; that they have and recover damages for the wrong and injury and loss done to them, to-wit: one thousand dollars; that the defendants be enjoined against maintaining, keeping or allowing said privy and nuisance on their said property; and for such other and further relief as is meet and proper, and for costs of this action.

The Commissioners answer and say that the privy complained of is necessary for the public, and has been enclosed and used at its present location since the year 1858 by the

county officials and others, and that upon information and belief, the filthy deposits have been removed from time to time, and the place kept in a good and cleanly condition, and that they have apppropriated and paid out moneys as required to keep the place cleanly and in proper state, &c. When the cause came on to be tried upon issues, the defendants moved to dismiss the action because no cause of action against the defendants was set out in the complaint. The Court being of this opinion, adjudged that said action be dismissed, and that the defendants recover the costs of action, from which plaintiffs appealed.

Mr. J. A. Lockhart, for the plaintiffs.
Mr. W. L. Parsons, for the defendants.

SMITH, C. J., (after stating the case). The complaint imputes to the Board of County Commissioners, charged not as individuals in office but as a corporation representing the county, dereliction in public duty in permitting the privy to remain in a filthy and offensive condition to the hurt and annoyance of the plaintiffs and other near residents. It assumes the obligation to keep it in a cleanly manner to rest upon the board by virtue of vesting of the title to the premises in the board as a trustee for the public. The Code, § 707; sub secs. 5, 7, 8.

But the duty in reference to the public property is defined in sub-sec. 5, which authorizes it "to make such orders respecting the corporate property of the county as may be deemed expedient," and this requires the employment of such agents and the raising and appropiating such moneys as may be sufficient to keep the public buildings in repair, and to maintain them in such condition as to prevent any noxious and offensive exhalations to proceed from any of them put to the private use of the people. A privy is not only a convenience but a necessity, and the only fault at-

tributable to any one is in suffering an accumulation of night-soil, until, for want of cleansing, the emanating effluvia becomes a nuisance to the public. It is nowhere charged that the board has failed to use the means at their disposal to prevent such consequences, and this is the measure and extent of official responsibility.

In *State* v. *Fishblate*, 83 N. C., 654, the Mayor and Aldermen of Wilmington were charged with the neglect of official duty in permitting obstructions in some of the streets, and the streets themselves to become ruinous and in decay, and, on motion, the indictment was quashed for failing to point out the particular duty enjoined and neglected and in what manner imposed, following the rulings in the antecedent cases therein recited. The same principle is again asserted in language quite as strong and explicit by MERRIMON, J., speaking for the Court in *State* v. *Hall*, 97 N. C., 474.

In the excellent work of Judge DILLON on Municipal Corporations, § 963, the author says: "According to the prevailing rule, counties are under no liabilities for torts except as imposed (expressly or by necessary implication) by statute;" and in a note where numerous references are made to adjudged cases, he adds: "A county is not liable for a nuisance to a citizen in the erection of a jail in the immediate vicinity of his residence, nor for suffering it to become so filthy and disorderly as to be a nuisance to him and his family." The doctrine is, that while these corporate agencies must provide the means and employ the men to perform such duties, they are not personally and by their own labor to perform such menial services, and the default to make them liable must be in neglecting to exercise their authority in the use of labor and money for that purpose, and so must it be charged to make a cause of action against them. The Court, therefore, properly arrested the proceedings when attention was called to the infirmities in the complaint and dismissed the action.

Affirmed.