NANCY PRICHARD, widow of Z. T. Smith, *et al.*, his children and heirs-at-law, by their next friend, Nancy Prichard, v. BOARD OF COMMISSIONERS OF MORGANTON; BOARD OF COMMISSIONERS OF BURKE COUNTY; R. T. CLAYWELL and ROBERT ROSS.

(Decided June 14, 1900.)

*Small Pox—Demurrer—Ultra Vires—Misjoinder of Causes of Action—Counties and Towns.*

1. Neither Town nor County Board of Commissioners can burn a residence house to prevent the spread of contagious and infectious diseases. A proper disinfection would be the extent of their powers in respect to property thus tainted or infected.

2. Counties, in a strictly legal sense, are rather instrumentalities of government than municipal corporations, like cities or towns, with corporate powers to execute their purposes, and are not liable for damages in the absence of statutory provisions, giving a right of action against them.

3. There is a distinction between the liability of a county and that of a town for failure to discharge corporate duties. Towns and cities are, as a general rule, liable in damage for negligence of their offices and agents in the performance of prescribed duties, occasioning damage by their failure.

4. The county is not liable to the demand of plaintiff in respect to burning her residence, for the reason that there is no statute which makes it so. Neither is the town of Morganton liable, for the reasons, that the act complained of was for the interest of the State at large, and because the Town Commissioners unreasonably exceeded the powers conferred on them by the charter or by any special statute in aid thereof.

5. While the complaint was demurrable in respect to the burning of the residence of plaintiff, there were other causes of action all growing out of the same matter, and therefore, not demurrable on that account, and the demurrers should have been overruled as to them.

CIVIL ACTION for tort of defendants and their agents in burning residence of plaintiff, her corn crib, and outhouses,

destroying her crop and garden, household furniture and utensils, books and clothing, and forcibly taking her and family to a pest-house, on the unfounded pretence that there was small pox in the family, or that they had been exposed to it. The defendants filed separate demurrers.   His Honor, *Bowman, J.,* at Fall Term, 1899, of BURKE Superior Court, allowed the plaintiff to amend the complaint, with additional parties and allegations of individual liability, and overruled the demurrers.   Defendant appealed.

*Messrs. S. J. Ervin,* and *Avery & Ervin,* for appellants.
*Mr. J. T. Perkins,* for appellee.

MONTGOMERY, J.   The plaintiff Nancy Prichard, a tenant in dower, brought this action against the Commissioners of the town of Morganton, the Board of Commissioners of Burke County, and R. T. Claywell and Robert Ross as their agents and servants, to recover of them damages for burning the house in which she lived, and certain personal property therein, as a nuisance, because of alleged small-pox taint and infection; for injury and damage to growing crops on the same, and for unlawfully and wrongfully depriving her of her liberty by seizing and carrying her to a pest-house for small-pox patients, and keeping her there for weeks in restraint of her freedom, and contrary to her will.   The persons entitled to the remainder interest in the real estate are the other plaintiffs in this action.

The Commissioners of Morganton, for one cause of demurrer to the complaint, say that the complaint fails to allege that the tortious acts complained of were within the scope of the powers conferred on said corporation by its charter, and that it appears on the face of the complaint that the acts complained of are not within the scope of the powers of the

PRICHARD *v.* COMMISSIONERS.

corporation, and, for another ground of demurrer, say that if the acts complained of had been done under the express direction of the Town Commissioners, the conduct of the Commissioners would have been *ultra vires.*

The Board of Commissioners of the county demurred to the complaint, and amongst the grounds assigned, these two seem to be the chief: 1. "That the acts alleged to have been done by these defendants and constituting the plaintiff's cause of action against these defendants, are not within the scope of the corporate powers and duties conferred upon or delegated to these defendants by law." 2. "That said acts are not alleged to have been done or performed under or in pursuance of any order, resolution or direction of these defendants, and these defendants are in no way liable."

The defendant Claywell demurred because the complaint alleged that he was merely acting as the agent of the other defendants, and that there was imputed to him as an individual no unlawful or wrongful act.

We have examined the charter of the town of Morganton (Private Laws 1885, chap. 120), and find no authority given to the Town Commissioners to burn or destroy any house or residence. In sec. 37 the Town Commissioners are authorized to take such measures as they may deem effectual to prevent the entrance into the town or the spread therein of any contagious or infectious diseases; and under those powers they are permitted to cause to be destroyed or disinfected such furniture or other articles which shall be believed to be tainted or infected with any contagious or infectious diseases, or of which there shall be reasonable cause to apprehend will generate or propagate diseases, and may take all other reasonable steps to preserve the public health, and for this purpose may use any money in the treasury."

That statute certainly does not even purport to give to the

Town Commissioners the right to burn a house in which a family, infected or thought to be infected with a contagious disease, reside.    The right of the Commissioners to destroy the property, indeed, is not admitted by the plaintiffs, but it is intimated that they acted under the authority of the Act of 1893, chap. 214, sec. 22; but upon examination of that section it appears that reference is there made to the powers and duties of the superintendents of health of the several counties.    No powers or rights are there given to the Town Commissioners or to the Board of Commissioners of the county. It is there provided that, in cases where the County Superintendent of Health declares that a nuisance exists on premises, it shall be removed or abated at the expense of the town, city or county in which the offender lives, in case of his inability to remove it, with the proviso that the expense chargeable to the town, city or county shall not exceed $100.

In reference to the powers conferred by law upon Boards of County Commissioners, we find that by sub-sec. 22, of sec. 707, of The Code, they can establish public hospitals for their several counties in cases of necessity, and make rules, regulations and by-laws for preventing the spread of contagious and infectious diseases and for taking care of those afflicted thereby—the same not being inconsistent with the laws of the State.    By no reasonable construction of that sub-section of The Code can it be held that the Boards of County Commissioners can burn a residence-house to prevent the spread of contagious and infectious diseases.    A proper disinfection would be the extent of their powers in respect to property thus tainted or infected.

It is not alleged in the complaint that the acts complained of were ordered by the County Superintendent of Health; nor does the cause of action as stated in the complaint proceed upon the idea that property was destroyed by the defendants

under a method allowed by law, and that the plaintiff is entitled to compensation for its loss. The action is one purely in *tort.*

It is well settled in this State that counties, that is, the Boards of County Commisioners in their corporate capacity, are not ordinarily liable to actions of a civil nature for the manner in which they exercise or fail to exercise their corporate powers. They may be sued only in such cases and for such causes as may be provided for and allowed by the statute. Counties are not, in a strictly legal sense, municipal corporations like cities and towns; they are rather instrumentalities of government, and are given corporate powers to execute their purposes, and they are not liable for damages in the absence of statutory provisions giving a right of action against them. *White v. Commissioners,* 90 N. C., 439; *Manual v. Commissioners,* 98 N. C., 9.

There is, however, a distinction between the liability of a county for failure to discharge corporate duties and that of a town or city for such a failure. Towns and cities are, as a general rule, liable in damages for the negligence of their officers and agents when specific duties are imposed by their charters and special statutes, when the damages are caused by their failure to discharge such duties and to exercise the powers conferred to that end, or when the town authorities are acting within the scope of their authority in the management of their property for their own interest, or in the exercise of powers voluntarily assumed for their own advantage, and that, notwithstanding the work they are engaged in will enure to the benefit of the municipality. But it is said in *Moffitt v. City of Asheville,* 103 N. C., 237: "Where a city or town is exercising the judicial, discretionary or legislative authority conferred by its charter, or is discharging a duty imposed solely for the benefit of the public, it incurs no liabil-

ity for the negligence of its officers, though acting under color of office, unless some statute expressly or by necessary implication subjects the corporation to pecuniary responsibility for such negligence."

But the plaintiff does not complain of a negligent act of either of the defendants. The alleged cause of action is a positive act in *tort,* the burning of a residence-house as a sanitary measure. The Board of Commissioners of the County, as representing officially the county, are not liable to the demand of the plaintiff, for the reason that there is no statute in existence which makes them so, either expressly or by necessary implication. The Town Commissioners, as representing the town community, are not liable, for the reason, first, that the act complained of was for the interest of the State at large, and because they unreasonably exceeded the powers conferred on them by the charter of Morganton or by any special statute in aid thereof.

The case is before us on demurrer, and of course the facts concerning the burning are to be taken as true for the purposes of the demurrer. If, however, it be a fact that the house in which the plaintiff lived was burnt as alleged in the complaint, it was a most high-handed and unreasonable act on the part of those who did it, and was done without the semblance of authority.

But she is not without redress. Her remedy will doubtless suggest itself to her counsel. The propositions of law which we have laid down seem to be admitted in the plaintiff's brief, and a recovery is sought upon the effect of the defendant's demurrer to the complaint. In the sixth allegation of the complaint it is alleged that the Board of Town Commissioners burnt the house under some statute or provision of law, which they claimed authorized them to assess and

58——126

burn and pay for the damage an amount not exceeding $100. Only the facts are admitted by the demurrer.

Parties to an action can not by complaint and demurrer enact a law. There is no such statute as the one referred to in the complaint, and the defendant's demurrer can not have the effect to admit that there is such a statute and law in force.

If the complaint be treated as containing only one cause of action the demurrers ought to have been sustained, for the demurrers were directed against the whole complaint; though there was only one allegation that was demurrable—the one which charged that the residence-house of the plaintiff was burned. *Cowand v. Myers,* 99 N. C., 198. If the complaint be treated as embracing more than one cause of action, as we will treat it—all growing out of the same matter and therefore not demurrable on that account—we think that the demurrers were good against that cause of action which set forth the burning of the plaintiff's house and damages therefor. The other causes of action were not demurrable, and the demurrers should have been overruled as to them.

There was error in the particular we have pointed out.

Modified and affirmed.

FURCHES, J., dissenting. The plaintiff Nancy Prichard alleges that she is the widow of Z. T. Smith, deceased, and that the other plaintiffs are the children and heirs-at-law of said Smith; that as such widow she was entitled to dower upon the lands of her said husband, which was laid off and assigned to her in a house and lot in the town of Morganton, in which she and her family were living; that there were other buildings on said lot, and a growing crop of corn and a garden with vegetables growing therein; that besides these,

she owned and had in said house clothing, bed clothing, table-ware and other domestic articles and furniture; that on or about the last of May, 1899, the defendants Robert Ross and R. T. Claywell, under the pretense that the plaintiff had small-pox or had been exposed to the disease of small-pox, and claiming that they were authorized to do so by an order of the Board of Commissioners of Morganton, sustained and approved by the Board of Commissioners of Burke County, came to her house, arrested her, and carried her to a pest-house, set fire to and destroyed her house, and the other out-houses on the lot, and also burned and destroyed her *clothing, bed clothing, table-ware and household furniture;* when in fact she did not have small-pox, nor does she believe that she had been exposed to that contagious disease.    To recover damages for this treatment—the loss of houses and the loss and destruction of her personal property—she brings this action against the defendants, Robert Ross, R. T. Claywell, the Board of Commissioners of Morganton, and the Board of Commissioners of Burke County.

To this complaint the defendants demurred, thereby admitting the facts stated in the complaint to be true.    And taking these facts to be true, as we must do, it would seem that the plaintiff is entitled to damages from somebody.

One ground of the demurrer is the misjoinder of causes of action—too many causes joined together in one action.    But it appears that they all grew out of one wrongful act or are connected with the same, and that the complaint is not demurrable on that account.    *Benton v. Collins,* 118 N. C., 196; *Solomon v. Bates, Ibid,* 311.

It is claimed in the demurrer that Ross and Claywell are not liable because they were only the agents and servants of the other defendants.    Admitting that this defense can be raised by the demurrer in this case (which we do not admit),

it could not protect them, unless their employers had the right to commit this trespass upon the plaintiffs, and to destroy their property. And while this is so—must be so—the other defendants claim that they had no right to order this trespass and destruction of property, and demand protection on that account. So it is manifest that both of these contentions can not be true, nor can both these defenses be good. This is sufficient to justify the Court in overruling the demurrer.

But are the other defendants liable? The complaint alleges that this trespass and destruction of plaintiff's property was done by order of the Board of Commissioners of Morganton, sanctioned by the Commissioners of Burke County. But it is contended that they had no right to make such order, that it was *ultra vires,* and they are not bound by it.

But it is provided in chap. 120, sec. 37, Private Laws 1885 (charter of the town of Morganton): "That the Board of Commissioners may take such means as they may deem effectual to prevent the entrance into the town or the spreading therein of any contagious or infectious diseases,   *   *   * may cause any person in the town believed to be infected with such contagious disease or whose stay may endanger the public health, to be removed to some place within or without the town limits, may cause to be disinfected or destroyed such furniture or other articles which shall be believed to be tainted or infected with any contagious or infectious disease, or of which there shall be reasonable cause to apprehend will generate or propagate diseases, and may take all other reasonable steps to preserve the public health, and for this purpose may use any money in the treasury."

It would be very hard to believe that the draftsman of this act did not think he was giving the Commissioners of Morganton plenary power to deal with contagious diseases;

and it seems that they so understood it when they made this order, as it appears from the complaint that they have had the plaintiff's damages assessed at $100, and have offered to pay plaintiff that amount.   But it is contended that the Commissioners were limited to that amount.   This can not be so—that the act authorized the Commissioners to destroy property and limited the plaintiff's damages to $100, or any other amount less than the value of the property destroyed. If this contention of defendants were true, it would allow the defendants to assess their own damage. This can not be so.   It is further contended that this act does not extend to the destruction of houses.   I do not agree to this contention. If that were true, what becomes of damage for her *clothing, the bed clothing, table-ware, and other articles of household furniture destroyed?*   Has the plaintiff *no remedy for this trespass and destruction of property?*   I can not so hold.

As there was no statute called to our attention that authorized the County Commissioners to destroy property in Morganton, it is probable that they are not liable.   The demurrer should have been sustained as to them, but was properly overruled as to the others.

This was written as a tentative opinion; and, although the opinion of the Court has been modified since it was written, it is filed as a dissenting opinion.

FAIRCLOTH, C. J.   I concur in the dissenting opinion.