BELL v. COMMISSIONERS OF JOHNSTON COUNTY.

(October 23, 1900.)

1. *Counties—Part of State Government.*

Counties are a branch of the State government.

2. *Counties—When Liable for Damages.*

Counties may be sued only in such cases as may be allowed by statute.

3. *County Commissioners—Hospitals—Damages.*

County Commissioners are not liable for failure to establish hospitals under The Code, sec. 707, subd. 22.

4. *County Commissioners—Personal Liability—Neglect of Duty—Complaint—Sufficiency.*

The complaint sets out no allegations of fact which amount to a cause of action against the defendants personally for neglect of duty.

MONTGOMERY and DOUGLAS, J.J., concur in the result, but not in the opinion.

CIVIL ACTION, by R. C. Bell against Commissioners of Johnston County and others, heard upon complaint and demurrer *ore tenus,* by Judge *W. S. O'B. Robinson,* at Fall Term, 1900, of Johnston Superior Court. From judgment sustaining the demurrer, the plaintiff appealed.

The plaintiff alleges:

1. That he is a citizen of Raleigh, Wake County, North Carolina.

2. That the said town of Selma was duly incorporated under the laws of the State of North Carolina of the years 1872 and 1873 and the acts amendatory thereof, having the various powers and duties under The Code of North Carolina, chapter 62, as well as the other powers conferred in its said charter, among said powers being that of arrest and proper imprisonment and detention of such persons necessary to be arrested, imprisoned and detained for the benefit of the health of the inhabitants of said town and of the community at large, and for the peace and well being thereof; and to that end and for that purpose the said town of Selma, organized, accepted the said powers, and became a corporation according to law and fully exercised all powers and privileges thereunder, at and before the time hereinafter complained of and continues to exercise the same at the present time.

3. That before and at the time hereinafter complained of, and at the present time, the following officers were elected, qaulified, inducted and installed into office, to-wit:  John Parker, mayor and *ex officio* chairman of the Board of Town Commissioners and member of the Board of Health for the county of Johnston; J. A. Spiers, William Richardson, David Price and William Driver, members of the Town Board of Commissioners; Dr. N. J. Noble, the duly and regularly appointed health officer of said Selma, a registered physician and *ex officio* a member of the Board of Health of said county of Johnston.

4. That the county of Johnston is duly organized according to law, with the rights, powers and duties incident thereto, and that James T. Whittenton is chairman of the

Board of County·Commissioners and that George W. Massengill and C. M. Wilson are associate county commissioners, and that L. D. Wharton is county superintendent of health of said county, and that all said county officers were duly elected, qualified, inducted and installed into office prior to the times hereinafter mentioned; that the said James T. Whittenton was and is *ex officio* member of the County Board of Health for said Johnston County; that the County Board of Health of Johnston County has been organized according to law prior to the times herein complained of.

5. That the disease of smallpox has been prevalent in the State of North Carolina for the past year or more, breaking out in localities surrounding said county of Johnston, and that said Johnston County, especially the said town of Selma, has been for the past year or more particularly exposed to and warned of said disease, and that all said officials hereinbefore named had actual or implied knowledge thereof, and of the fact that said Selma is located at the junction of two railroads, over which persons having said disease and exposed thereto were and are continually passing and repassing and staying over in said Selma and other places within said Johnston County, and that heretofore and within twelve months from this day and date the said disease has broken out within the said town of Selma and other localities within said Johnston County.

6. That notwithstanding the matters stated in the next preceding paragraph, the said officials, or any of them, being careless and negligent, have not taken any steps to provide suitable·prisons or hospitals or places of involuntary detention for those having said disease or from whom the contagion might be publicly spread, nor have they had such prisons or hospitals or places provided, though they were advised of and knew, or reasonably may have known, the danger of their not doing so.

7. That at or about the hour of eleven on the morning of February 1, 1900, the said mayor and commissioners of the town of Selma and the said county officials confined the plaintiff herein in the house of one J. H. Jackson, which was used as a boarding-house, situated within said Selma, by placing guards armed with guns, pistols or rifles around the said house, with instructions to keep him therein and not permit him to escape until or about the hour of 10 p. m. of the following day, well knowing that within said house was a person having a malignant case of smallpox, and that the plaintiff's confinement in said house was dangerous to the health, comfort and life of said plaintiff, by keeping him in great dread and mental and physical suffering and anxiety.

8. That at or about the hours of 3 or 4 p. m. of said February 1, 1900, the plaintiff, being very frightened to find himself thus confined, and fearing and dreading that he would take the loathsome disease, wrote a note to the mayor and *ex officio* chairman of the Board of Commissioners of said town and member of the said County Board of Health, demanding and beseeching that some other place be immediately provided for his detention; that the said mayor received the note within a short time after it was sent and negligently and carelessly made no reply thereto, though he, the said Town Commissioner, the said member of the County Board of Health and the said County Superintendent thereof, and the said County Commissioners well knew that a proper place for said plaintiff's detention could readily have been temporarily provided within an hour at any time, except for their carelessness and negligence, before and during his unlawful confinement as aforesaid, and that the said confinement and the unlawful and improper manner thereof was well known to the county and town officials herein made parties-defendant; that the plaintiff repeatedly informed

the said guard and the other representatives as aforesaid of the said town and county that he would pay the expenses of the necessary, proper and lawful place of confinement and detention, and that the said town and county would be put to no expense if they would provide the proper prison or place of detention and confinement.

9. That though confined and imprisoned as aforesaid and not permitted to go beyond certain prison bounds established by the order of the said town and county, the said plaintiff was wilfully, carelessly and negligently abandoned by the authorities of the said town and county without their making any arrangements or provisions for his having food, clothing, or for his health and comfort. That the only manner in which he could procure anything to eat was by inducing said guard to employ chance passers-by to go and purchase it from the stores in said Selma, with his, the plaintiff's money, and at his own expense, and bring it to a place just within said prison bounds from which he could carry it within the said house of confinement.

10. That at or about the hour of 10 o'clock p. m., of February 2, 1900, the said Town Commissioners informed the plaintiff that he was at liberty to go anywhere he pleased, excepting the said town of Selma, and acting accordingly, but so as not to spread any contagious disease, he went during the night of February 4, 1900, through the country to Raleigh, N. C., where a suitable hospital, prison, or place of detention had been built, and where he received proper attention and remained for a few days until properly discharged by the proper officials of said Raleigh. That he could not leave his place of confinement in Selma before he did leave for he knew not what would become of him if he succumbed to the loathsome disease without any place to lay his head and without help or medical attention, all owing to

the negligent, careless and unlawful failure of the defendants herein to provide them, which it was their duty to do, and of which they had warning and notice.

11. That while fully acknowledging and alleging the power or authority of the said county and town officials to imprison him in a proper and lawful manner, the plaintiff contends that the manner of and place of imprisonment were wrongful and unauthorized by law, and that accordingly he has suffered in body and mind and has been endamaged by his physical and mental suffering and anguish in the amount of ten thousand dollars.

Wherefore, the plaintiff demands judgment:

First. That he recover ten thousand dollars damage.

Second. That he recover his costs and disbursements, to be taxed by the Clerk.

Third. And for such other and further relief as he may be entitled to.

*R. C. Strong,* for plaintiff.

*J. H. Pou, J. A. Narron* and *F. H. Busbee,* for defendants.

CLARK, J.   This was an action for tort.   Upon demurrer *ore tenus* it was properly dismissed, both as to the defendants, the county commissioners of Johnston, officially as representing the county, and as to them individually.   In the latter aspect, the complaint sets out no allegations of fact which amount to a cause of action against them personally for neglect of duty, under Code, sec. 711, but the averments are against the county commissioners in their corporate capacity, i. e., against the county, for their failure to establish hospitals, under Code, sec. 707 (22).   It is held by an unbroken line of decisions, and reiterated at last term (*Prich-*

*ard v. Commissioners,* 126 N. C., 908), that counties, being a branch of the State government, can be sued only in such cases and for such causes as are authorized by statute. In that case the Court says (page 912, 126 N. C.): "It is well settled in this State that counties (that is, the boards of county commissioners in their corporate capacity), are not ordinarily liable to actions of a civil nature for the manner in which they exercise or fail to exercise their corporate powers. They may be sued only in such cases and for such causes as may be provided and allowed by the statute. Counties are not, in a strictly legal sense, municipal corporations, like cities and towns. They are rather instrumentalities of government, and are given corporate powers to execute their purposes, and they are not liable for damages, in the absence of statutory provisions giving a right of action"—citing *Manual v. Commissioners,* 98 N. C., 9, and *White v. Commissioners,* 90 N. C., 437. While there was dissent on other points in *Prichard v. Commissioners,* the Court was unanimous upon the above statement of the law. To like purport is *Threadgill v. Commissioners,* 99 N. C., 352, which holds that counties can not be held liable for the negligence of their officers and agents, except by express statutory provision, and there is none in this State. The same rule is affirmed in *Moffiit v. Asheville,* 103 N. C., at page 258, and is stated as the general law. Dill. Mun. Corp., secs. 963, 965.

No error.

MONTGOMERY and DOUGLAS, JJ. We concur in the result, but not in the opinion, as we do not think that the facts of this case or the opinion in the Prichard case justify the opinion.