MOODY v. STATE PRISON.

(Filed March 12, 1901.)

STATES—*Suability*—*Torts*—*State Prison*—*The Code,* Sec. 663.

The State Prison, being an agency of the State, can not be sued unless such authority is expressly given by statute.

ACTION by J. R. Moody against the State's Prison, heard by Judge *W. S. O'B. Robinson,* at October Term, 1900, of WAKE County Superior Court. From a judgment for defendant, the plaintiff appealed.

*Douglass & Simms,* for the plaintiff.
*Busbee & Busbee, and Argo & Snow,* for the defendant.

CLARK, J.   The plaintiff brings this action against the State's Prison for damages sustained by him while a prison guard by the breaking of a ladder under him, which he alleges was in a dilapidated condition, and which he says he was compelled to use though its defective condition had been repeatedly called to the attention of the officers.

The defendant demurred that the complaint did not state a cause of action, because:

1. This is an action against the State, as such, the State's Prison being merely an agency of the State to secure certain public and general services.

2. For the above reason, and even if it were a corporation, the State's Prison is not liable to an action for tort.

The Court properly sustained the demurrer, and dismissed the action.

Being an agency of the State, the State's Prison could only be sued when expressly authorized to be sued.   *County Board v. State Board,* 106 N. C., 81.   The statute incorporating the defendant (Acts 1899, ch. 24), does not contain the authority "to sue and be sued."   The general authority to that purport conferred on corporations by The Code, sec. 663, has reference only to private and *quasi* public corporations, and not to corporations like the present, which are merely governmental agencies.   As to these latter, the authority to be sued must be expressly given.   *Oklahoma A. & M. College v. Willis,* 6 Okla., 593; S. C. 40, L. R. A. 677, and cases there cited.

But even if such authority was given, it would cover only actions ordinarily incidental in its operation, and would not extend to causes of action like the present.   There is a distinct difference between conferring suability as to "debts and other liabilities for which the State's Prison is now liable," and extending liability for causes not heretofore

recognized. *Murdock Grate Co. v. Commonwealth,* 152 Mass., 28 : "The exemption of the State from paying damages for accidents of this nature does not depend upon its immunity from being sued without its consent, but rests upon grounds of public policy, which deny its liability for such damages. *Bourn v. Hart,* 93 Cal., 338.

This is substantially a suit against the State. The defendant is a mere agent of the State in the administration of its government. The management and control of the State's Prison is essentially a governmental function, being an indispensable part of the administration of the criminal laws of the State. The matter is so fully and completely settled that nothing is left us beyond the citation of authority.

In *Clodfelter v. State,* 86 N. C., 51, it was held that even an action instituted before this Court under the Constitution Art. IV, sec. 9, would not lie where a convict had lost his eyesight by the gross negligence of the supervising manager of the penitentiary, because, says Smith, C. J., "the State, in administering the functions of government through its appointed agents and officers, is not legally liable to a claim in compensatory damages for an injury resulting from their misconduct or negligence. That the doctrine of *respondeat superior* applicable to the relations of principal and agent, created between other persons, does not prevail against the sovereign in the necessary employment of public agents, is too well settled upon authority and practice to admit of controversy."

If judgment upon such liability could be guarded against the defendant, it would be in effect a judgment against the State to be enforced by execution against the State's property placed in the hands of its agency to be used for governmental purposes—the operation of the State's Prison.

In the note to *Clodfelter v. State,* 41 Am. Rep., 442, among cases cited to same purpose are *Alamango v. Supervisors,* 25 Hun., 551, which held that a convict injured by the negligent and illegal operation of a saw-mill could not maintain an action therefor. *Lorillard v. Monroe,* 11 N. Y., 392; *Brown v. People,* 75 N. Y., 441. The editor adds: "It is not necessary to discuss the reason of the rule, for there is no break in the long line of authorities by which it is established. *Russell v. Men of Devon,* 2 Term Rep., (Dumf. & E.), 667; *Hill v. Boston,* 122 Mass., 344; *Hollenbeck v. Winnebago,* 95 Ill., 148; *Kincaid v. Hamlin,* 53 Iowa, 430; *Woods v. Colfax,* 10 Neb., 552; *French v. Boston,* 129 Mass., 392."

"No government," says Justice Miller "has over held itself liable to individuals for the misfeasance, laches, or unauthorized exercise of power by its officers or agents." *Gibbons v. U. S.,* 8 Wall. (75 U. S.), 269. And Judge Story says in his work on Agency, section 319: "The government does not undertake to guarantee to any person the fidelity of any of its officers or agents whom it employs, since that would involve it in all its operations in endless embarrassments and difficulties and losses, which would be subversive of the public interests." This is approved with citation of other authorities in *Robertson v. Sichol,* 127 U. S., at page 515.

In a case where a convict was injured by the breaking of a ladle in which he was carrying molten metal, whose defect had been called by him to the attention of the overseer, it was held on above grounds (*Lewis v. State,* 96 N. Y., 71) that an action did not lie, the Court saying, "The doctrine is so uniformly asserted by writers of approved authority and the courts, that fresh discussion would be superfluous." To same purport *Splitorf v. State,* 108 N. Y., 205; *Chapman v. State,* 104 Cal., 690; *Melvin v. State,* 121 Cal., 16.

In the late case of *Murdock Grate Co. v. Commonwealth,* 152 Mass., 28, already cited, where the statute gave the Superior Court jurisdiction of "all claims against the commonwealth, whether at law or in equity" (which could not be done in this State, Const., Art. IV, sec. 9), it was, notwithstanding, held that the suability thus conferred only applied to recognized liabilities of the State, and did not therefore extend to a claim for damages resulting from the misfeasance or negligence of the Commonwealth's officers and agents in performing their duties. The reason given is that liability, founded on the neglect or torts of public officers engaged as servants in the performance of duties which the State as a sovereign has undertaken to perform, has always been denied—not on the narrow ground that such liability can not be enforced, but on the larger ground that no liability arises therefrom.

Even as to counties, we have an unbroken line of authorities that they can be sued only in such cases and for such causes of action as are authorized by statute, and such cases do not embrace liabilities for negligence or other torts of their officers and agents. *While v. Commissioners,* 90 N. C., 437; *Manuel v. Commissioners,* 98 N. C., 9; *Threadgill v. Commissioners,* 99 N. C., 352; *Pritchard v. Commissioners,* 126 N. C., 908; *Bell v. Commissioners* 127 N. C., 85. To same purport, *Moffil v. Asheville,* 103 N. C., at page 258; Dillon Mun. Corp., sections 963, 965.

As to cities and towns, though by their charters they are broadly authorized "to sue and be sued," it is equally well settled that this suability does not create any liability for damages caused by the torts of their officers and agents when acting in a governmental capacity. *McIlhenny v. Wilmington,* 127 N. C., 146, and numerous cases there cited.

For a stronger reason there can be no liability incurred by the State, or its agent the defendant, for the negligence of the officer in question, if it caused the damage complained of.

Affirmed.

MONTGOMERY, J., concurring, thinks it unnecessary in this case to pass upon whether the State's Prison is or is not an incorporated institution. In either view of that matter this action can not be maintained, being founded on a tort for the recovery of damages for a personal injury.