THE COMMISSIONERS OF HENDERSONVILLE v. PRUDDEN & COMPANY.

(Filed 1 December, 1920.)

1. **Municipal Corporations—Cities and Towns—Bonds—Sale—Notice— Publication—Statutes.**

Ch. 3, sec. 4, Public Laws of North Carolina, Special Session of 1920, amending sec. 2956, Consolidated Statutes, as to the advertisement or notice of the sale of municipal bonds, requiring, in addition, that such notice be published in "a financial or trade journal, published within the State of North Carolina, which regularly publishes the sale of municipal bonds," does not require that the newspaper designated be exclusively devoted to finance and trade, if the publication will likely give notice to the buyers of this class of securities, and it is sufficient if the newspaper in which the publication is made is one of general circulation in the State and carries advertisemests relating to these matters as a customary and established feature of the issue.

2. **Statutes— Interpretation— Municipal Bond— Sales — Notice — Newspapers—Impossibilities.**

A statutory requirement, in this case providing that the notice of the sale of municipal bonds shall be made by publication in "financial paper or trade journal, published within" this State, will not be so construed as to require an impossibility.

3. **Municipal Corporations—Bonds— Sales— Notice— Publication— Statutes—Financial Newspapers.**

Where the notice of sale of municipal bonds has been published in this State in a newspaper of local circulation only, and not in a newspaper of general circulation, carrying advertisements relating to these matters as a customary and established feature of the issue, the bonds so issued are void as between the contracting parties.

4. **Municipal Corporations —Bonds —Notice —Publication —Purchaser— Parties—Matters in Fieri.**

The proposed purchaser of municipal bonds may refuse to take the bonds for which he is the successful bidder, on the ground that the statute has not been followed which requires advertisement in "a financial paper or trade journal," etc., the objection being between the original parties when the matter is *in fieri.*

5. **Courts —Judicial Notice —Admissions—Bonds—Sales—Notice—Publication—Newspapers—Statutes.**

Under the principle that the courts will take judicial notice of a rule or custom in the general business of the country when of sufficient notoriety to make it safe and proper to do so, it is *Held*, that, notwithstanding an admission of record of the parties to the contrary, the courts of this State will take judicial notice that there are newspapers of general circulation published here, within the intent and meaning of our statute requiring notice of the sale of municipal bonds to be given in a "financial paper or trade journal," etc.

CIVIL ACTION, heard and decided on case agreed and by consent before *McElroy, J.,* at chambers in ASHEVILLE, N. C., on 2 November, 1920.

The action is to recover the purchase price of municipal bonds of the city of Hendersonville to the amount of $62,000, sold or contracted to defendant company by plaintiff at a stipulated sum on 18 September, 1920, and purporting to have been issued under the Municipal Finance Act, Consolidated Statutes, ch. 56, subch. 111. Defendant refuses acceptance and payment on the alleged ground that the sale of said bonds has not been properly advertised as the law requires. As chiefly pertinent to the question presented, it is admitted in the case agreed: (*a*) "That prior to the sale the said bonds and the proposed sale thereof were duly advertised in the *Hendersonville News,* a newspaper published in the city of Hendersonville, N. C., and having general circulation in said municipality." (*b*) That said sale of said bonds was not advertised "in a financial paper or trade journal published within the State of North Carolina for the reason that no such financial paper or trade journal exists or· is published within the State," which regularly publishes notices of the sale of municipal bonds. (*c*) That it is agreed that there is no financial paper or trade journal published within the State which regularly publishes notices of such sales, etc.

Upon the facts submitted, the court being of opinion that these bonds would constitute valid obligation of the city, entered judgment that the defendants comply with the contract, and thereupon defendant excepted and appealed.

*E. W. Ewbank for board of commissioners, Hendersonville, N. C.*
*C. N. Malone and G. A. Thomasson for Prudden & Company.*

HOKE, J. The case agreed states, and a perusal of the law will show, that the original finance act applicable to the question, Consolidated Statutes, secs. 2956 and 2920, provided for the publication of the notices of this kind in a "newspaper published in the municipality, or if no newspaper is published therein, then in a newspaper published in the county, and circulating in the municipality, or if there is no such news-

paper, the notice shall be published at the door of the building in which the governing body usually holds its meetings, and at three other public places in the municipality. And in ch. 3, sec. 4, Public Laws, Special Session 1920, ratified August, 1920, on matter specially pertinent to this inquiry, the general act was amended as follows: "Sec. 2956, Consolidated Statutes, constituting sec. 30, Municipal Finance Act, is hereby amended by inserting at the end of said section the following words: The notice required by this section shall be published not only in the manner prescribed by sec. 2920, but also in a financial paper or trade journal, published within the State of North Carolina, which regularly publishes notices of the sale of municipal bonds." It will be noted that the amendment in question does not require the publishing of the notice in a paper devoted exclusively to finance and trade, the ·design and purpose being to provide for a publication that will likely afford notice to buyers of this class of securities, and we think the requirements of the statute are fully satisfied, and its terms and purpose complied with by publishing the additional notice in a paper having a general circulation in the State, and which carries advertisements relating to these matters as a customary and substantial feature of its issue. We are confirmed in this view by a consideration of the rule of statutory construction very generally recognized, that "a statute is never to be understood as requiring an impossibility if such result can be avoided by any fair and reasonable construction." Black on Interpretation of Laws (2 ed.), p. 119, a position approved and applied by the Court in *Garrison v. R. R.,* 150 N. C., 575, and other cases.

Assuming, as the case agreed clearly contemplates, that the notice provided for must appear in a paper exclusively dealing in financial and trade matters, would be to put the Legislature in the attitude of having provided in an elaborate law for the issue of bonds for governmental purposes and annexing a condition that would render its entire action of no avail. See, also, on question of notice, *Kornegay v. Goldsboro,* at the present term.

The construction of the statute we have indicated being the true one, we must hold that these bonds have not been properly advertised, it appearing so far as the case discloses that the notice of sale has only been given in a newspaper having local circulation, and has not appeared in a financial or trade journal of any kind published in the State. And the matter being *in fieri,* it is open to the original parties to the transaction to present and insist on the objection. *Bennett v. Comrs.,* 173 N. C., 625-630.

We are not inadvertent to the statement and admission in the case agreed that there is no such financial paper or trade journal published in the State, as the statute requires. What effect such an admission

might have on the rights of the parties, if the Court was concluded by it, we are not called on to determine, for we are not bound by it. On the question thus presented in *Board of Health v. Comrs.,* 173 N. C., 250-253, it is held in effect that the Court is not concluded by the admission of parties to a controversy, as to conclusions or inferences of law, nor by admissions of fact when contrary to those of which the Court is required to take judicial notice, citing, among other authorities, *Prichard v. Comrs.,* 126 N. C., 908-913; *Hopper v. Covington,* 118 U. S., 148-151; *Equitable Insurance Company v. Brown,* 213 U. S., 25; *Graef v. Eq. Ins. Co.,* 160 N. Y., 6 Pl. & Pr., pp. 336-338, etc. That was a case where the admission was made by a demurrer, but the reason and principle extends also to an admission presented as in this case for obtaining the decision of the Court on the rights of the parties. And on the question of judicial notice, it is recognized here and elsewhere that the Court will take judicial notice of a rule or custom in the general business of the country when the same is of sufficient notoriety to make it safe and proper to do so. *Furniture Co. v. Express Co.,* 144 N. C., 639, citing, among other authorities, McKelvey on Evidence, pp. 33-34; Wigmore on Evidence, sec. 2580. In McKelvey the general principle is stated as follows: "There is a class of facts of which a court may take judicial notice in its sound legal discretion and supporting them is the single principle of common notoriety, the vital question being whether sufficient notoriety attaches to any particular fact to make it safe and proper to assume its existence without proof." Applying the principle it is undoubtedly safe to assume, and we judicially know that there are several newspapers in this State having an extensive and general circulation in which advertisements for sales of bonds of this character are customarily made, and to which buyers of this class of securities habitually refer for information, publications that fully meet in this respect the requirements of the statute, and in which, or one of them, proper advertisement must be made and shown before a valid sale of municipal bonds can be had.

For the reasons given, we must hold, as stated, that the proposed bond issue and sale to these parties is invalid, and on the relevant facts appearing in the case agreed, there must be judgment entered for defendant.

Reversed.