MARY I. JENKINS, ADMINISTRATRIX OF HUGH H. JENKINS, DECEASED, v. THOMAS GRIFFITH, A. J. DRAPER AND J. R. WITHERS, INDIVIDUALLY AND AS MEMBERS OF THE MECKLENBURG HIGHWAY COMMISSION, AND MECKLENBURG HIGHWAY COMMISSION, A CORPORATION.

(Filed 6 May, 1925.)

**Government—Roads and Highways—Counties—Road Commissions—Negligence.**

An agency of county government incorporated by statute to assume control and working of the county highway, formerly performed by the county commissioners, exercises therein a purely governmental function, from which no liability will attach for personal injuries inflicted on others by the negligence of its employees.

APPEAL by plaintiff from *Shaw, J.,* October Term, 1924, of MECKLENBURG.

The plaintiff declared in tort for the wrongful death of her intestate caused by the alleged negligence of the defendants while her intestate was working as a convict under sentence from the Superior Court in a rock quarry in connection with the building of the public roads of said county. The specifications of negligence are: failure to exercise due care to provide a safe place in which to work; failure to warn and notify deceased of such dangers as were incident to the use of dynamite, and a failure to furnish reasonably safe appliances, and failure to have persons of experience to conduct the blasting of rock. The defendant, Highway Commission, demurred for that the complaint failed to set out a cause of action against it in tort for which it was liable. Demurrer sustained and plaintiff appealed.

*J. F. Flowers and Marvin L. Ritch for plaintiff.*
*J. L. DeLaney for defendant.*

PER CURIAM. The corporate defendant was created by chapter 383, Public-Local Laws 1921, and vested with certain duties and powers which hitherto had been exercised by the Board of Commissioners of

Mecklenburg County. This defendant exercises only governmental functions—builds, maintains and controls public roads in Mecklenburg County, which are not a part of the State system, and has charge of the county convicts, as provided by its charter above cited.

Neither phase of the duties of this defendant exceeds the limits of purely governmental functions. Hence, this action cannot be maintained against the defendant, Mecklenburg Highway Commission. *Scales v. Winston-Salem, ante,* 469; *Moody v. State Prison,* 128 N. C., 12; *Murdock Grate Co. v. Commonwealth,* 152 Mass., 28; *Baker v. Spencer State Hospital* (W. Va.), 121 S. E., 497; *Bourne v. Hart,* 93 Cal., 321; *County Commissioners v. Duckett,* 20 Md., 468; 83 Am. Dec., 557, and note; *Clodfelter v. State,* 86 N. C., 51; *White v. Commissioners,* 90 N. C., 437; *Burbank v. Commissioners,* 92 N. C., 257; *Manuel v. Commissioners,* 98 N. C., 9; *Threadgill v. Commissioners,* 99 N. C., 352; *Moffitt v. Asheville,* 103 N. C., 237; *Pritchard v. Commissioners,* 126 N. C., 908; *Bell v. Commissioners,* 127 N. C., 85; *Jones v. Commissioners,* 130 N. C., 451; *Hitch v. Commissioners,* 132 N. C., 573; *Keenan v. Commissioners,* 167 N. C., 356; *Snider v. High Point,* 168 N. C., 608; *Sandlin v. Wilmington,* 185 N. C., 257.

Therefore, the judgment of the trial court, dismissing this action as to the Mecklenburg Highway Commission, is

Affirmed.