D. R. REEVES v. ASHEVILLE CONSTRUCTION CO.

(Filed 21 December, 1927.)

**Government—Actions—Negligence.**

An action for damages cannot be maintained against third party using government labor when negligence alleged is that occurring in government control.

APPEAL by plaintiff from *Parker, J.,* at July Term, 1927, of BUNCOMBE. Affirmed.

52—194

*Vonno L. Gudger and A. Hall Johnston for plaintiff.*
*Kitchin & Kitchin and Mark W. Brown for defendant.*
*Cocke & Cocke for State's Prison.*

PER CURIAM. The defendant's, appellee's, statement of this action is as follows: "Plaintiff seeks to recover damages which plaintiff claims he sustained because the State's Prison authorities quartered convicts in the vicinity of plaintiff's home under contracts with defendant for the working of the convicts in a quarry of defendant, and for alleged nuisances committed by the convicts while under the exclusive control of the State. The court below sustained the motion for judgment of nonsuit on the ground that the defendant was not responsible for such nuisances when it had no authority over the convicts or the camp where they were quartered."

From a careful inspection of the record, we are of the opinion that the facts set forth in defendant's statement are substantially correct and the law as declared by the court below well settled in this jurisdiction. It was a hardship on plaintiff, but no legal wrong of defendant. It goes without saying that State authorities should exercise due care in the performance of governmental functions, but for the failure, in cases of this nature, no liability attaches. The plaintiff has failed to show that any liability attaches to defendant in this action. *Moody v. State Prison,* 128 N. C., p. 12. See *Jenkins v. Griffith,* 189 N. C., 633, where a wealth of authorities are cited. The judgment below is

Affirmed.