LEHMAN MOYE v. R. H. McLAWHORN, W. J. SMITH, ROY T. COX, NOAH
WILLIAMS, AND S. I. DUDLEY.

(Filed 20 November, 1935.)

**Public Officers C c—When failure to perform discretionary duty is not
corrupt or malicious, public officer may not be held liable individually.**

This action was instituted against the members of the board of com-
missioners of a county to recover for personal injuries alleged to have
been suffered by plaintiff when assaulted by other prisoners in the jail in
which plaintiff was confined. Plaintiff alleged that it was the custom
of the prisoners to hold a "kangaroo court" to try new prisoners on
fictitious charges, impose a so-called fine, and assault prisoners failing
to pay the fine, that defendants knew of the custom and failed to make
proper rules and regulations for the safety of prisoners as required by
C. S., 1317. *Held:* The duty to make proper rules and regulations under
C. S., 1317, imposed a discretionary duty on defendants exercisable only
in their corporate capacity, and defendants are not liable as individuals
unless they corruptly or with malice failed to make proper rules and
regulations, and defendants' demurrer to the complaint should have been
sustained in the absence of allegation that defendants' failure to act was
corrupt or malicious.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Barnhill, J.,* at January Term, 1935, of
PITT. Reversed.

This is an action to recover of defendants damages for personal inju-
ries suffered by the plaintiff, and resulting, as alleged in the complaint,
from the negligent failure of the defendants as commissioners of Pitt
County to perform their statutory duty to make rules and regulations for
the protection of prisoners confined in the county jail of Pitt County
from assaults by other prisoners confined in said jail, pursuant to spu-
rious judgments of a fictitious court organized from time to time by said
prisoners and known as a Kangaroo Court.

The action was heard on defendant's demurrer to the complaint. The
demurrer was overruled, and defendants excepted and appealed to the
Supreme Court.

*P. R. Hines, Albion Dunn, and Thurman Kitchin for plaintiff.*
*J. B. James and Harding & Lee for defendants.*

CONNOR, J. The facts alleged in the complaint as constituting the
cause of action on which the plaintiff seeks to recover of the defendants
in this action are as follows:

On or about 10 August, 1933, the plaintiff was committed to the
county jail of Pitt County by a justice of the peace of said county to

await trial on a charge that plaintiff had violated the laws of this State prohibiting the manufacture or sale of intoxicating liquor. When the officer who had been directed by the justice of the peace to deliver the plaintiff to the keeper of said jail, arrived at the jail, with the plaintiff in his custody, the plaintiff requested the said officer not to confine him in a cell in said jail in which other prisoners were confined. This request was made by the plaintiff because he knew that it was the custom of said prisoners, when a new prisoner was admitted to said jail, to organize a so-called Kangaroo Court for the trial of the new prisoner on some fictitious charge, and upon his conviction and failure to pay the fine imposed on him by said court, to inflict upon him severe and cruel bodily punishment. Notwithstanding such request, and over his earnest protest, the plaintiff was confined in a cell in said jail in which a large number of prisoners were confined.

Soon after the plaintiff was confined in said cell with other prisoners, a so-called Kangaroo Court was organized by said prisoners, and the plaintiff was tried and convicted by said court on some fictitious charge. Plaintiff was unable to pay the so-called fine imposed upon him by said court, and thereupon, pursuant to the so-called judgment of said fictitious court, plaintiff was assaulted by prisoners in said cell, who inflicted upon him severe and cruel punishment. This punishment was so painful that plaintiff attempted to escape from said prisoners, who continued to assault him. In the struggle which ensued between the plaintiff and said prisoners, the plaintiff was seriously and permanently injured, and thereby damaged in the sum of $5,000.

The defendants are now and were at and before the time when the plaintiff was committed to the county jail of Pitt County commissioners of said county. It was their duty from time to time, as prescribed by statute (C. S., 1317), to order and establish such rules and regulations for the government and management of the county jail of Pitt County as would be conducive to the interests of the public and the security and comfort of the prisoners confined in said jail. They and each of them knew that prisoners confined in said jail had for many years prior to 10 August, 1933, from time to time, organized a fictitious court known as a Kangaroo Court; that said fictitious court was organized by said prisoners whenever a new prisoner was admitted to said jail for the trial of such new prisoner on some spurious charge; and that upon the conviction of such prisoner, and his failure to pay the fine imposed upon him by said court, the said prisoners would proceed to assault and beat said new prisoner, thereby inflicting upon him severe and cruel punishment. Notwithstanding their knowledge of the custom of prisoners confined in such jail, with respect to the organization of said Kangaroo Court, and the infliction of severe and cruel punishments upon new

prisoners in said jail, the defendants have failed to make any rules or regulations for the protection of new prisoners confined in said jail from assaults made upon them by other prisoners confined in said jail, pursuant to spurious judgments of said Kangaroo Court.

At the hearing of defendants' demurrer, the judge was of opinion that the facts stated in the complaint are sufficient to constitute a cause of action, and accordingly overruled the demurrer. On their appeal to this Court, the defendants contend that this was error. This contention must be sustained.

The defendants are not liable to the plaintiff on the facts alleged in the complaint in their corporate capacity, although in such capacity they have the power, conferred by statute, C. S., 1317, to make rules and regulations prohibiting the organization by prisoners confined in the county jail of Pitt County of a Kangaroo Court. In *Manuel v. The Board of Commissioners of Cumberland County,* 98 N. C., 9, 3 S. E., 826, it was held that the plaintiff could not maintain the action to recover of the defendant damages for injuries caused as alleged in the complaint by the failure of the defendant to exercise its statutory power to provide for the comfort and security of the plaintiff while he was confined as a prisoner in the county jail of Cumberland County. In the opinion in that case it is said by *Merrimon, J.:* "It may be that he can have a remedy against the commissioners personally, but as to this we are not called upon to express an opinion."

In *Templeton v. Beard,* 159 N. C., 63, 74 S. E., 735, a judgment sustaining a demurrer to the complaint was affirmed. It was said by *Hoke, J.,* who wrote the opinion for the Court, in which he summarized the facts alleged in the complaint: "On these facts alleged in the complaint and made the basis of plaintiff's demand, the county of Rowan is not liable on the principle declared and approved in the well-considered case of *White v. Commissioners,* 90 N. C., 437, and many others of like purport. Nor will the action lie against the members of the board of commissioners as individuals, because there is no averment that defendant acted or failed to act corruptly or of malice. The case presented is one involving the exercise of discretionary powers conferred upon the board for the public benefit, and it is very generally recognized in such case that in the absence of statutory provisions even ministerial officers acting on questions properly arising within their jurisdiction are not liable to suit by individuals without an averment of this kind."

In the instant case the defendants have no power, and therefore no duty, as individuals, to make rules and regulations prohibiting the organization by prisoners confined in the county jail of Pitt County of a Kangaroo Court. The power conferred by statute can be exercised by the defendants only in their corporate capacity, as the board of com-

missioners of Pitt County. It is a discretionary power. Neither the failure to exercise nor the exercise of the power by the defendants acting in their corporate capacity can impose liability on the defendants as individuals on the facts alleged in the complaint. There is no allegation in the complaint that the defendants failed to exercise the power corruptly or with malice.

It is held in this State that public officers in the performance of an official or governmental duty involving the exercise of judgment and discretion may not be held liable as individuals for breach of such duty unless they act corruptly or with malice. *Hipp v. Ferrall,* 173 N. C., 167, 91 S. E., 831.

The only question presented by this appeal is whether the defendants are liable to the plaintiffs as individuals on the facts alleged in the complaint. This question must be answered in the negative, and for that reason the judgment overruling the demurrer must be reversed. The demurrer should be sustained.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.